UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD SHAMON and PATRICIA SHAMON, ) ) ) Plaintiffs ) ) v. ) MAGISTRATE JUDGE _____ ) UNITED STATES OF AMERICA, ) ) Defendant. ) ) | RECEIPT # _____ AMOUNT $ _____ SUMMONS ISSUED _____ LOCAL RULE 4.1 _____ WAIVER FORM _____ MCF ISSUED _____ BY DPTY. CLK _____ DATE _____ |

**COMPLAINT**

This action is brought pursuant 28 U.S.C. §§ 1346(b), 2671-80, and G.L. c. 229, § 1 et. seq., to recover damages for injuries suffered by Ronald Shamon and Patricia Shamon which were caused by the negligence and wrongful acts and omissions of employees of the Veterans Administration Medical Centers in West Roxbury and Brockton acting within the scope of their employment.

### JURISDICTION AND VENUE

1. This action arises under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.

2. Venue lies pursuant to 28 U.S.C. § 1391(b).

3. Pursuant to 28 U.S.C. § 2675(a), the claim set forth herein was presented to the Veterans Administration on December 4, 2003. The Veterans' Administration denied the claim on or about June 30, 2004.

### THE PARTIES

4. Plaintiff Ronald Shamon is a resident of the Commonwealth of Massachusetts, and resides at 8 Sanderson Drive, Plymouth, MA 02360.

5. Plaintiff Patricia Shamon is a resident of the Commonwealth of Massachusetts, and resides at 8 Sanderson Drive, Plymouth, MA 02360. Patricia Shamon is the wife of Ronald Shamon.

6. The Defendant is the United States of America.

## FACTS

7. On November 29, 2001, Mr. Shamon saw his primary care physician, Dr. Simona Retter-Burch for treatment of hemorrhoidal pain. During that visit, Mr. Shamon reported severe pain, increasing constipation and discomfort on straining.

8. At Dr. Retter-Burch's suggestion, Mr. Shamon was admitted to the Veterans' Administration Medical Center in West Roxbury, MA ("West Roxbury VA") on December 7, 2001, for a flexible sigmoidoscopy.

9. On December 7, 2001, Dr. Chi Zhang, a staff physician at the West Roxbury VA, performed the sigmoidoscopy procedure on Mr. Shamon. Shortly after the insertion of the sigmoidoscopy tube, Mr. Shamon began to experience extreme pain. Dr. Zhang then reinserted the tube. Immediately after reinserting the tube, Dr. Zhang exclaimed: "I go too high; I go too high."

10. At that point, a nurse assisting Dr. Zhang with the procedure ran to the next room and returned with another physician, Dr. Mancos De Cunha Pedrosa. Upon entering the room, Dr. De Cuhna Pedrosa pulled the sigmoidoscopy tube out, reinserted it, and instructed Dr. Zhang on the proper procedure for performing a sigmoidoscopy. During the course of this procedure, the sigmoidoscopy tube was reinserted on at least five separate occasions. After the procedure was completed, Dr. Pedrosa informed Mr. Shamon that everything was fine and that he would see him again in three to five years.

11. In the days following the sigmoidoscopy procedure, Mr. Shamon began to experience extreme pain in his rectal area. On December 11, 2001, Patricia Shamon reported Mr. Shamon's symptoms to Arthur Briggs, a nurse with the Veterans Administration Medical Center in Brockton, Massachusetts ("Brockton VA"). In response, Mr. Briggs instructed Mrs. Shamon to bring Mr. Shamon to the hospital immediately.

12. Mr. Shamon subsequently presented to the Brockton VA and was seen by a Dr. Ronald Tamler. After taking Mr. Shamon's medical history, Dr. Tamler ordered a complete blood work-up. Unfortunately, this blood work was never performed.

13. Later that day, Dr. Tamler returned to check on Mr. Shamon, and Mr. Shamon informed him that no one had come to take his blood. In response, Dr. Tamler responded, "Oh, wrong person."

14. Mr. Shamon then proceeded to show Dr. Tamler the location of his rectal pain. After examining Mr. Shamon, Dr. Tamler informed Mr. Shamon that he had a rash. Dr. Tamler further informed Mr. Shamon that he would bring him ointment to treat the rash as well as medicine to ease Mr. Shamon's pain. Approximately one hour passed before Dr. Tamler returned to the examining room. When Dr. Tamler finally returned, he entered the room briefly and then left without saying a word. Shortly thereafter, a nurse and another physician, Dr. Thomas Dickinson, entered Mr. Shamon's room and inquired as to why Mr. Shamon was there. Mr. Shamon replied that he was waiting for Dr. Tamler to bring him some ointment. Dr. Dickinson informed Mr. Shamon that the pharmacy was closed and that he could not provide him with any ointment. Instead, Dr.

Dickinson gave Mr. Shamon four pain pills and discharged him from the hospital. The blood work originally ordered by Dr. Tamler was never performed.

15. The following day, Mr. Shamon experienced intense pain and a high fever. As a result, Mr. Shamon was admitted again to the Urgent Care Services at the Brockton VA and was administered pain medication, a stool softener and antibiotics.

16. Later that same day, Mr. Shamon returned to the Urgent Care Services Department and complained of increased rectal pain, and accompanying shaking, chills and sweats. Mr. Shamon was diagnosed with perirectal abscess, and was transferred to the West Roxbury VA. At the West Roxbury VA, emergency surgery (incision and drainage of large bilateral peri-rectal and inschio-rectal abscess) was performed on Mr. Shamon with considerable blood loss.

17. Following this surgery, Mr. Shamon experienced a rocky post-operative course requiring prolonged naso-gastric intubation due to ileus as well as a blood transfusion.

18. On December 18, 2001, Mr. Shamon underwent an additional surgery involving an exploration of the perineum and re-packing of the bilateral ischio rectal spaces. Mr. Shamon was subsequently discharged home on December 21, 2001 with a Foley catheter and a leg bag.

19. On February 27, 2002, Mr. Shamon was re-hospitalized due to persistent drainage from the perineal area and rectum. On the following day, Mr. Shamon underwent an additional incision and drainage of bi-lateral peri-rectal abscesses. He was subsequently discharged from the hospital on March 3, 2002.

20. On May 16, 2002, Mr. Shamon was required to undergo yet another surgery for drainage of recurrent perineal abscess and anal fistulotomy.

21. At all times relevant to this complaint, the defendant, through its employees at the West Roxbury VA and Brockton VA acting within the scope of their office or employment, represented and held themselves out to be skilled in the treatment of various illnesses and conditions.

## COUNT I
## (NEGLIGENCE – Ronald Shamon)

22. Ronald Shamon repeats and realleges the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. The defendant, through its employees at the Brockton VA and West Roxbury VA acting within the scope of their office or employment, owed Mr. Shamon a duty to exercise reasonable skill and attention in its care and treatment of him during their procedures and his hospitalizations.

24. The defendant, through its employees at the Brockton VA and West Roxbury VA acting within the scope of their office or employment, failed to exercise reasonable care in its treatment of Mr. Shamon.

25. The conduct of the defendant, through its employees at the West Roxbury VA and Brockton VA acting within the scope of their office or employment, deviated from and fell below the accepted standards of medical practice as it existed in 2001-2002.

26. The conduct of the defendant, through its employees at the West Roxbury VA and Brockton VA acting within the scope of their office or employment, was also grossly negligent.

27. As a direct and proximate cause of the negligence of the employees of the West Roxbury VA and Brockton VA, Mr. Shamon was caused to suffer a rectal perforation, loss of muscle control, and permanent considerable pain and discomfort in the rectal area, and extreme pain, suffering, and embarrassment.

28. If the defendant were a private person, it would be liable to Mr. Shamon in accordance with Massachusetts law.

## COUNT II
## (LOSS OF CONSORTIUM – Patricia Shamon)

29. Patricia Shamon repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Patricia Shamon is the wife of Ronald Shamon.

31. As a result of the injuries caused by the Defendant's negligence, Patricia Shamon has sustained a significant loss of her husband's society, comfort, and companionship.

WHEREFORE, Plaintiffs Ronald Shamon and Patricia Shamon hereby request that this Court:

1. Enter judgment in their favor on the Complaint;

2. Award damages against the defendant, to include full amounts as to all elements of damages recoverable for negligence and loss of consortium, including conscious pain and suffering, with interest from the date of filing plus costs, expenses and attorneys' fees; and

3. Enter such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

RONALD SHAMON, and
PATRICIA SHAMON,

By their attorneys,

_____
Timothy P. O'Neill (BBO#379715)
Michael R. Perry (BBO#566760)
HANIFY & KING, PC
One Beacon Street
21st Floor
Boston, MA 02108
(617) 423-0400

Dated: July 28, 2004
409715

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Shamon v. United States__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael P. Perry, Esq.__
ADDRESS __Hanify & King, 1 Beacon St., Boston, MA 02108__
TELEPHONE NO. __617-423-0400__

(Coversho.docal.wpd - 10/17/2)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Shamon, Ronald and
Shamon, Patricia

**DEFENDANTS**
United States of America

**(b) County of Residence of First Listed Plaintiff** Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, and Telephone Number)**
Timothy P. O'Neill, Esq., BBO# 379715
Michael P. Perry, Esq., BBO# 566760
Hanify & King, 1 Beacon St., Boston, MA 02108

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Tort Claims, 28 U.S.C. § 2671-80. This action is brought to recover for damages to Ronald Shamon, which was caused by the negligent and wrongful acts and omissions of the department's employees acting within the scope of their employment.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _[signature]_    DOCKET NUMBER _____

DATE: July 28, 2004
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____