**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONALD SHAMON and PATRICIA SHAMON,<br><br>    Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-11674-WGY<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF RONALD SHAMON'S OBJECTIONS
AND RESPONSES TO DEFENDANT'S INTERROGATORIES**

Plaintiff Ronald Shamon ("Plaintiff") hereby answers the First Set of Interrogatories of Defendant United States of America ("Defendant") as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

2. Plaintiff objects to each Interrogatory to the extent it purports to impose obligations beyond those described by the applicable rules of civil procedure.

3. Plaintiff objects to each Interrogatory to the extent it seeks confidential or proprietary information, including trade secrets, private customer information, or other material protected from disclosure by law, contract, or otherwise.

4. Plaintiff objects to each interrogatory to the extent that it seeks information that does not exist or that is not relevant to the subject matter of this action.

5. Plaintiff objects to each Interrogatory to the extent that it seeks information not in Plaintiff's possession, custody, or control.

6. Plaintiff objects to each Interrogatory to the extent it is vague, overbroad, unduly burdensome, or oppressive.

7. As used herein, the term "irrelevant" means that the Interrogatory calls for information that is not relevant to the subject matter of this action and that is not reasonably calculated to lead to the discovery of admissible evidence.

8. As used herein, the term "unduly burdensome" means that it would be unreasonably oppressive, annoying, time consuming, and expensive to compile and furnish the information called for in view of the degree of relevancy and materiality, if any.

9. As used herein, the term "overbroad" means that the Interrogatory is unreasonably general, vague, and nonspecific.

## **RESERVATION OF RIGHTS**

1. Plaintiff's Objections and Responses are based upon information now known to Plaintiff. Because formal discovery is continuing, Plaintiff reserves the right to amend, modify, or supplement its Objections and Responses if it learns of new information.

2. The fact that, in response to a particular Interrogatory, Plaintiff produces a responsive, non-privileged answer is not a concession that the answer is relevant or admissible in this case.

3. In providing these Objections and Responses, Plaintiff does not in any way waive, but rather intends to preserve:

    (a)    all objections as to competency, relevancy, materiality, and admissibility;

    (b)    all objections as to vagueness, ambiguity, and undue burdensomeness;

    (c)    all rights to object on any ground to the use of the responses contained herein in any proceeding; and

    (d)    all rights to object on any ground to any further discovery request or demand related to any of the Interrogatories addressed herein.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1:**

Please identify each medical professional, other than those who are employed by the Department of Veteran Affairs (hereinafter referred to as the "VA"), who has treated, examined or in any other way consulted with you, during the period from January 1, 1999 to the present, for any physical condition resulting from any injury _other_ than that which is the subject of this lawsuit. With respect to such professional, state:

    a.    Their full name, business address, and medical qualifications; and

    b.    A summary of the treatment, examination, or consultation.

**Answer No. 1:**

The plaintiff objects to this interrogatory as overbroad and unduly burdensome. Without waiving this objection, the plaintiff states as follows:

    a.    (1)    Dr. Gregory Robke, P.C.P.
                          45 Resnick Road, Suite 302
                          Plymouth, MA  02360

  (2) Dr. Frank Grenn, Neurologist
     P.O. Box 426
     Marshfield, MA  02050

  (3) Dr. Alan Murphy, Neurosurgeon
     95 Tremont Street
     Duxbury, MA  02332

  (4) Jordan Hospital
     Plymouth, MA

b. Treatment for concussion, bruised ribs and heart trauma resulting from a motor vehicle accident that occurred on February 2, 2004.

**Interrogatory No. 2:**

Please identify each medical professional, other than those who are employed by the VA, who has treated, examined, or in any other way consulted with you regarding any injuries, symptoms, illnesses, conditions or disabilities, whether physical, mental, or emotional, purportedly caused by negligent treatment alleged in your Complaint. For each such professional, please identify:

  a. Their full name, business address and medical qualifications;

  b. A summary of the treatment, examination or consultation;

  c. Any documentation or report made by a treating, examining, or consulting physician; and

  d. All bills concerning such treatment, examination or consultation.

**Answer No. 2:**

(a-d) Because my injuries are permanent in nature, I have not been treated by any physician for the specific injuries caused by the negligent treatment alleged in my complaint following my discharge from the VA Hospital.

4

**Interrogatory No. 3:**

If you at any time took or currently take any medication, prescription or otherwise, as a result of any injury, symptom, illness, condition or disability, whether physical, mental, or emotional, sustained due to the negligence alleged in your Complaint, state:

   a. The name of each medication;

   b. Whether the medication requires a prescription;

   c. The name of the physician recommending or prescribing the medication;

   d. The condition for which the medication is or was taken; and

   e. The dates on which you began and finished taking the medication.

**Answer No. 3:**

(a-e) As a direct result of the Defendant's negligence, I am required to take the following medications:

- Trazodone
- Terazosin
- Oxycodone
- Acetaminophen
- Zinc Oxide
- Psyllium
- Docusate
- Cyclobenzoprine
- Amixicillin
- Tamsulosin

5

- Nystatin
- Phosphates Enema
- Gatifloxacin
- Metronidazole
- Sodium Chl.
- Fluconzole
- Phospho-soda
- Hytrin
- Normal Saline Irrigation
- Ibuprofen
- Hemorridal Rectal Suppositories

I am also required to use balls of cotton after each bowel movement, and I will need to bathe (shower) my rectum after each bowel movement for the remainder of my life. Further, I will always need to use a "doughnut" to sit on because of scar tissue that developed following the multiple surgical procedures that I underwent following the sigmoidoscopy procedure in question. I can only drink two to three glasses of water or liquids each day to lessen mucous discharge that occurs several times a day. I was also prescribed Nystatin by Dr. Cima and Dr. Retter-Burch from January 24, 2002 to December 13, 2002 (11months) for treatment of a severe case of thrush following my prolonged use of antibiotics. Dr. Cima also instructed me to use Fleet enemas on an as needed basis.

In further answer to this interrogatory, the plaintiff, pursuant to Fed. R. Civ. P. 33(d), refers the defendant to copies of his VA medical records which are already in defendant's possession.

**Interrogatory No. 4:**

Describe in detail all injuries, symptoms, illnesses, conditions or disabilities, whether physical, mental or emotional, which you have experienced since the negligence treatment alleged in your Complaint, and which you claim to have been caused, aggravated or otherwise contributed to by the alleged negligent treatment, stating when such injuries, symptoms, illnesses or disabilities first manifested themselves.

**Answer No. 4:**

I have sustained a number of different physical and emotional injuries as a direct result of the Defendant's negligence. Specifically, I now have a diminished libido, and I am very apprehensive about having sex. When I do engage in sexual intercourse, it is often very painful. I am also very irritable and impatient, and my attention span has been greatly reduced. My stamina has also greatly decreased. For example, I am no longer able to pick up heavy objects, and I experience groin pain and shortness of breath walking up or down stairs or doing minor chores both in and out of the house. Because of the significant scar tissue surrounding my anal orifice, I fear having a bowel movement. In addition, I cannot wipe my rectal area normally (it takes five to ten minutes to carefully and gently pat this area to avoid intense pain and possible bleeding), and this procedure is always uncomfortable. Furthermore, the injury to my sphincter has caused me to frequently pass gas. These events are uncontrollable and unpredictable, and

result in extreme embarrassment to me. I have also experienced severe depression and anxiety as a direct result of my injuries.

**Interrogatory No. 5:**

With respect to each claimed injury, symptom, illness, condition or disability set forth in response to Interrogatory No. 4, state whether or not you have now recovered therefrom, and, if so, state the approximate date of such recovery.

**Answer No. 5:**

The plaintiff objects to this interrogatory on the grounds that it seeks an expert medical opinion that the plaintiff is not qualified to provide. Without waiving this objection, the Defendant states the following: To date, I have not recovered from the symptoms, illnesses and disabilities set forth in my Answer to Interrogatory No. 4.

**Interrogatory No. 6:**

If you contend that any injury, symptom, illness, or disability resulting from the negligence alleged in your Complaint is permanent, state with respect to each such injury, symptom, illness or disability:

    a.    The specific medical reason(s) for that answer;

    b.    The extent of each injury, symptom, illness or disability which you claim to be permanent; and

    c.    Whether you claim that your ability to work will be impaired thereby and, if so, the manner in which your ability will be impaired.

**Answer No. 6:**

(a-c). To the best of my knowledge, and based upon discussions with my treating physicians, all of the injuries, symptoms and disabilities identified in my Answer to Interrogatory No. 4 are permanent.

**Interrogatory No. 7:**

If you claim that, as a result of the negligence alleged in your Complaint, you were incapacitated or otherwise unable to perform normal activities of daily living, please state in full and complete detail the beginning and ending date of any period of partial or full incapacity.

**Answer No. 7:**

See Answer to Interrogatory No. 4

**Interrogatory No. 8:**

Identify each and every individual having knowledge of the facts alleged in your Complaint, including each person's knowledge of the impact on your life (including medical, economic, social, emotional, personal, effects).

**Answer No. 8:**

(1)   Patricia Shamon – Spouse – witness to the negligent treatment that I received at the Defendant hospitals, as well as the pain, suffering, disability and emotional distress that I endured as a result of the Defendant's negligence.

(2)   Laura Polin – Daughter – witness to the negligent treatment that I received at the Defendant hospitals, as well as the pain, suffering, disability, and emotional distress that I endured as a result of the Defendant's negligence.

(3) Andy Polin – Son-in-law – witness to the pain, suffering, disability and emotional distress that I endured as a result of the Defendant's negligence.

(4) Barbara Wheaton – R.N., Plymouth Visiting Nurses Association – Ms. Wheaton provided care and treatment to me following my discharge from the VNA Hospital, and was a witness to the pain, suffering, disability and emotional distress that I suffered as a direct result of the Defendant's negligence.

(5) George Shamon – witness to the pain, suffering, disability and emotional distress that I endured as a result of the Defendant's negligence.

**Interrogatory No. 9:**

Please identify each person whom you intend to call as a witness at trial in this matter. For each person, state:

    a. The name and business address of the person; and

    b. A full, complete and detailed description of the subject matter upon which the person is expected to testify.

**Answer No. 9:**

The plaintiff has not yet made a determination regarding which individuals he intends to call on his behalf at trial, but recognizes his duty to seasonably supplement this answer.

**Interrogatory No. 10:**

Please state the name, title (if any), specialty, employer and business address of any person whom you plan to call as an expert witness at trial. With respect to each person, describe the following:

    a. A full, complete and detailed description of the subject matter on which the person will testify;

  b.  Whether such person has prepared or will be preparing a written report of findings;

  c.  The academic and other qualifications of such person;

  d.  The substance of the facts and explanations of data to which such person is expected to testify;

  e.  A summary of the grounds for each explanation of data listed in part (d) of this interrogatory;

  f.  All documents and any other material that such person relied upon or consulted in any manner in determining any facts and formatting any opinions listed in answer to part (d) of this interrogatory;

  g.  All documents and any other material that such person is expected to rely upon at the trial;

  h.  A complete bibliography of the textbooks, treatises, articles and other works of such person regarded as authoritative on the subject matter on which he will be testifying; and

  i.  The manner in which such person became familiar with the facts of the case.

**Answer No. 11:**

The plaintiff has not yet made a determination regarding the identity of any expert witnesses that he intends to call on his behalf at trial, but recognizes his duty to seasonably supplement this answer.

**Interrogatory No. 12:**

Please itemize separately and in full, complete and specific detail each and every element of damage which you and Patricia Shamon claim to have suffered as a result of the allegations in your Complaint, specifically those damages referred to in paragraphs 27 and 31 and in your prayer for relief. For each element of damage identified, please specify:

  a.  The count or defense to which the item of damages relates;

 b. The category into which each item of damage falls, (i.e. lost wages, general damages, special consequential damages, interest, and any other relevant categories);

 c. The factual basis for each item of damages;

 d. The exact monetary amount of the damage;

 e. Explanation of how you computed each item of damages, including ay mathematical formula used;

 f. Identify by whom it was calculated; and

 g. Please identify each document pertaining to each item of damages stated in your response.

**<u>Answer No. 12</u>:**

See Answer to Interrogatory No. 4. The plaintiff has not made a final determination regarding the economic damages that he sustained as a result of the defendant's negligence, but recognizes his duty to supplement this answer.

**<u>Interrogatory No. 13</u>:**

Please list each and every employer for whom you have worked since January 1, 1995. Include in your answer:

 a. The position(s) you held with each employer;

 b. The dates of your employment;

 c. The date you left such employment and the reason for leaving;

 d. The name and address of each employer;

 e. The name of your supervisor at each employer; and

 f. The average weekly or monthly compensation from each employment and your basis for compensation; indicating the total amount of any overtime compensation during each calendar year, together with the amounts and basis for receipt of any special bonus.

**Answer No. 13:**

The plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 14:**

Please provide the date upon which you married Patricia Shamon and identify all legal documents, such as a marriage license, that proves such marriage.

**Answer No. 14:**

The plaintiff objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Without waiving this objection, the plaintiff states the following: Patricia Shamon and I were married April 12, 2002.

**Interrogatory No. 15:**

Please state the basis of your claim in paragraph 24 of the Complaint that the "employees at the West Roxbury VA and Brockton VA acting within the scope of their office or employment, failed to exercise reasonable care in its treatment of Mr. Shamon." As part of your response to this Interrogatory, please identify (i) which employees allegedly failed to exercise reasonable care in their treatment of Mr. Shamon; (ii) which procedure(s) did they allegedly fail to exercise with reasonable care; (iii) the dates upon which the employees allegedly failed to exercise reasonable care in its treatment of Mr.

Shamon; and (iv) the names and contact information of any witnesses to the alleged failure to exercise reasonable care.

**Answer No. 15:**

The plaintiff objects to this interrogatory on the grounds that it seeks an expert medical opinion that the plaintiff is not qualified to provide.

**Interrogatory No. 16:**

Please state the basis of your claim in paragraph 25 of the Complaint that the conduct of the "employees at the West Roxbury VA and Brockton VA acting within the scope of their office or employment, deviated from and fell below the accepted standards of medical practice as it existed in 2001-2002." As part of your response to this Interrogatory, please identify (i) which employee's conduct deviated from and fell below the accepted standards of medical practice as it existed in 2001-2002; (ii) what conduct deviated from and fell below the accepted standards of medical practice as it existed in 2001-2002; (iii) the dates of this purported conduct; and (iv) the names and contact information of any witnesses to the alleged conduct.

**Answer No. 16:**

The plaintiff objects to this interrogatory on the grounds that it seeks an expert medical opinion that the plaintiff is not qualified to provide.

**Interrogatory No. 17:**

Please state the basis of your claim in paragraph 26 of the Complaint that the conduct of the "employees at the West Roxbury VA and Brockton VA acting within the

scope of their office or employment, was also grossly negligent." As part of your response to this Interrogatory, please identify (i) which employee's conduct was grossly negligent; (ii) what conduct was grossly negligent; (iii) the dates of this purported conduct; and (iv) the names and contact information of any witnesses to the alleged conduct.

**Answer No. 17:**

The plaintiff objects to this interrogatory on the grounds that it seeks an expert medical opinion that the plaintiff is not qualified to provide.

**Interrogatory No. 18:**

Please state Patricia Shamon's full name, current address, date of birth and social security number.

**Answer No. 18:**

>   Patricia Denise Shamon
>   8 Sanderson Drive, Plymouth, MA 02360
>   Date of birth: June 9, 1931
>   Social Security No. 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

**Interrogatory No. 19:**

State whether you are presently under the care of any medical professional. If the answer to this interrogatory is in the affirmative, state:

>   a.   the name and address of each professional;
>
>   b.   the conditions for which care is being rendered; and
>
>   c.   whether such conditions are related to the negligence alleged in your Complaint.

**Answer No. 19:**

I am not presently under the care of any medical professional.

**Interrogatory No. 20:**

Please state your complete educational background, specifying the names and dates of schools attended, degrees or diplomas received, including trade schools, academic institutions and other places of learning.

**Answer No. 20:**

    U.S. Naval Air Force - 1956-1958; USAFI courses completed in Atomic Energy and Electricity.

    Wentworth Institute – 1959-1960; certificates in Mechanical Drafting and Design

    Boston University – 1960-1963; completed several courses in Marketing and Management

    Babson College – 1964-1968; Babson College BSBA Finance and Marketing

    Mobil Oil Corp. – 1968-1971; completed courses in retail and commercial development

    Massachusetts Real Estate Broker's License 1961

423406

Signed under the pains and penalties of perjury this 16 day of February, 2005.

*/s/ Ronald Shamon*
Ronald Shamon

As to objections:

*/s/ Michael R. Perry*
Michael R. Perry (BBO #555300)
Hanify & King
Professional Corporation
One Beacon Street
Boston MA  02108
(617) 423-0400

DATED:  February 16, 2005

423715

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD SHAMON and<br>PATRICIA SHAMON,<br><br>  Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Civil Action No. 04-11674-WGY |

CERTIFICATE OF SERVICE

  I, Michael R. Perry, hereby certify that I have on this day, February 18, 2005, served a copy of the Plaintiff Ronald Shamon's Objections and Responses to Defendant's Interrogatories to the following by hand delivery:

Damian Wilmot, Esq.
United States Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

          _____
          Michael R. Perry (BBO #555300)
          HANIFY & KING
          Professional Corporation
          One Beacon Street
          Boston, MA 02108
          (617) 423-0400