# EXHIBIT C

*1353310    Only the Westlaw citation is currently available.

Superior Court of Massachusetts.

Jeffrey CURTIS and another, (FN1)
v.
R.W. GRANGER & SONS, INC. and others. (FN2)

No. 951827.
Aug. 2, 1996.

MEMORANDUM AND ORDER OF DECISION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

QUINLAN.

**1 Jeffrey Curtis ("Jeffrey") and Debbie Curtis ("Debbie") filed suit for negligence as a result of injuries that Jeffrey sustained on August 31, 1992 when he fell from scaffolding on a construction site. The defendants, R.W. Granger & Sons, Inc. and William McNally are presently before this court moving for summary judgment on Counts III, IV, XI, and XII of the plaintiffs' complaint for their loss of consortium claims. The defendant, Wal-Mart Store, Inc. is moving for summary judgment on Count VIII of plaintiffs' complaint for their loss of consortium claim. The defendant, Bar-Far Equipment Corp. is moving for summary judgment on Count XV of the plaintiffs' complaint for their loss of consortium claim. For the reasons stated below, defendants' motions for summary judgment on the loss of consortium claims are denied.

BACKGROUND

The plaintiffs submitted affidavits stating the following. In approximately December 1991, Jeffrey proposed marriage to Debbie and, after she accepted, Jeffrey gave her an engagement ring. Immediately after the marriage proposal and acceptance, Jeffrey and Debbie began planning for their wedding scheduled for September 19, 1992.

Months before Jeffrey's injury on August 31, 1992, Jeffrey and Debbie had contracted with the following parties: St. Luke's Church in Westboro to perform the wedding ceremony, Maronis Park in Shrewsbury to perform the wedding reception and with a caterer to provide food for the wedding. Jeffrey and Debbie sent out wedding invitations which stated their intention to be wed on September 19, 1992. These invitations were sent out and responded to well before Jeffrey's injury because the caterers and reception hall needed to know the amount of people that would be attending the wedding prior to August 31, 1992, the date of the injury. Jeffrey and Debbie were married on September 19, 1992.

DISCUSSION

Summary judgment shall be granted if there are no material facts in dispute and if the moving party is entitled to judgment as a matter of law. *Cassesso v. Commissioner of Correction,* 390 Mass. 419, 422 (1983); *Community National Bank v. Dawes,* 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and of establishing that the moving party is entitled to judgment as a matter of law. *Pederson v. Time, Inc.,* 404 Mass. 14, 16-17 (1989).

The defendants cite *Feliciano v. Rosemar Silver Co.,* 401 Mass. 141 (1987), for the proposition that plaintiffs must establish that they were husband and wife on the date of the injury in order to recover for loss of consortium. This court does not agree. It is true that the Supreme Judicial Court in *Feliciano* denied the plaintiffs recovery even though plaintiffs had lived together for twenty years before the injury occurred which gave rise to their claim for loss of consortium. However, the plaintiffs in *Feliciano* were not legally married until two years after the injury took place. *Id.* at 142.

**2. The Court's reasoning was based on the premise that marriage is "a social institution of the highest importance" and the "foundation of the family." *Id.,* quoting *French v. McAnarney,* 290 Mass. 544, 546 (1935). The recognition of a right to recover for loss of a spouse's consortium promotes the value of marriage and the Commonwealth's "deep interest that its integrity is not jeopardized." *Id.,* citing *Diaz v. Eli Lilly & Co.,* 364 Mass. 153 (1973). The plaintiffs' loss of consortium claims in *Feliciano* were denied because the Court was unwilling to allow recovery by a person who had never accepted the correlative responsibilities of marriage. *Id.*

Recognizing that tort liability cannot be extended without limit, the Court in *Feliciano* limited the protection afforded by loss of consortium recovery "to interests and values that are reasonably ascertainable." *Id.* (Citation omitted.) In the present case, there are substantial facts (disputed to some extent by the defendants) to show that Jeffrey and Debbie's interest

© 2005 Thomson/West. No claim to original U.S. Govt. works.

1996 WL 1353310, Curtis v. R.W. Granger & Sons, Inc., (Mass.Super. 1996)                                    **Page 2**

in marriage is reasonably ascertainable. They planned their wedding months before Jeffrey's injury occurred. They were engaged to be married approximately eight months before the date of the injury. Months before the injury, they had contracted with the church to perform the wedding ceremony, with the hall for the wedding reception and with a caterer to provide the food for the wedding. They had sent out wedding invitations which stated their intention to be wed on September 19, 1992. They received the responses to the invitations well before the injury because the caterers and reception hall needed to know the amount of people that would be attending the wedding prior to August 31, 1992, the date of the injury.

This court concludes that allowing the plaintiffs to proceed for their loss of consortium claims for the time after they were married serves the *Feliciano* policy of promoting the value of marriage.

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendants' motions for summary judgment on the plaintiffs' loss of consortium claims be ALLOWED for the time period before Jeffrey and Debbie Curtis were married and DENIED for the time period after they were married.

(FN1.) Debbie Curtis.

(FN2.) Wal-Mart Stores, Inc., William McNally and Bab Far Equipment Corp.

© 2005 Thomson/West. No claim to original U.S. Govt. works.