UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
RONALD SHAMON and PATRICIA SHAMON,     )
        Plaintiffs,                    )
                                       )
v.                                     ) Docket No. 04cv11674-WGY
                                       )
UNITED STATES OF AMERICA,              )
        Defendant.                     )
_____)

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

The United States of America submits this Reply Memorandum in response to the Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment.  Plaintiffs fail to raise genuine issues of material facts as to Plaintiff Patricia Shamon's loss of consortium claim and, therefore, the Court must only apply Massachusetts law to the undisputed facts.  Following such application, the United States requests that the Court find in its favor on Count Two of the Complaint.

**A.    THERE ARE NO GENUINE ISSUES OF MATERIAL FACT IN DISPUTE**

Plaintiffs failed to properly respond to and/or controvert any of the government's proffered material facts as required by Local Rule 56.1.[1]  Indeed, the Plaintiffs' opposition does not

_____

[1]Federal Rules of Civil Procedure Local Rule 56.1 states in relevant part: "Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. . . .  Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be

comport with Local Rule 56.1.  While Plaintiffs' memorandum supporting the opposition includes a section entitled "Relevant Facts," this section does not contain a concise statement of the material facts in dispute.  Because the Plaintiffs' opposition fails properly to controvert the government's statement of undisputed facts, "material facts of record set forth in [the government's concise statement of material facts] will be deemed for purposes of the motion to be admitted by [the Plaintiffs] . . . ."  L.R. 56.1; see also Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003) ("Because the [plaintiff] did not controvert the statement of undisputed material facts that the defendants filed with their summary judgment motion, we deem those facts admitted . . . ."); GE Capital Healthcare Fin. Servs. v. Fall River Walk-In Emergency Med. Office, P.C., CA No. 02-11789-RCL, 2004 U.S. Dist. LEXIS 75, at *3 (D. Mass. Jan. 7, 2004).  As such, the Court must take the government's proffered facts as true and undisputed.  Given that the material facts are undisputed, this Court need only apply the law to resolve Count Two of the Complaint.

---

served by opposing parties."

**B.**   **THE SJC CLEARLY HAS LIMITED RECOVERY FOR LOSS OF CONSORTIUM TO PLAINTIFFS WHO LEGALLY WERE MARRIED TO THE INJURED TORT VICTIM AT THE TIME OF THE INJURY**

Plaintiffs rely on a sole Massachusetts Superior Court case for the proportion that a plaintiff may bring a loss of consortium claim even where she was not married to the injured tort victim at the time of the alleged injury.  See Curtis v. R. W. Granger & Sons, Inc., No. 951827, 1996 WL 1353310, at *1-2 (Mass. Super. Ct. Aug. 2, 1996).  Plaintiffs, following the rationale of the Curtis court, argue that the Massachusetts Supreme Judicial Court ("SJC") in Feliciano v. Rosemar Silver Co., 401 Mass. 141 (1987), created some sort of test to determine when a plaintiff may proceed with her loss of consortium claim. According to the Curtis court, a loss of consortium claim will stand if the plaintiff can prove that her relationship with the injured tort victim was "reasonably ascertainable."  See Curtis, 1996 WL 1353310, at *1-2.

The Curtis court, however, ignores the history of the loss of consortium claim in Massachusetts; see generally Diaz v. Eli Lilly and Co., 364 Mass. 153 (1973); and reads the "reasonably ascertainable" language in Feliciano out of context.  Indeed, Feliciano draws a very clear line – a loss of consortium claim fails where the plaintiff was not married to the injured tort victim at the time of injury.  401 Mass. at 142-143.  This line becomes evident when one reads the Feliciano decision, and the

decisions cited therein, in full.

The SJC, after expressing the Commonwealth's deep interest in the integrity of the marital relationship, stated that its "recognition of a right of recovery for the loss of *a spouse's* consortium . . . promotes that value." Id. at 142 (emphasis added). The SJC continued, stating that it was "unwilling" to recognize a "right to recover for loss of consortium by a person who has not accepted the correlative responsibilities of marriage." Id.

The Court then used the phrase "reasonably ascertainable" to draw a line between couples legally married and "the myriad relationships that may exist between mere cohabitants," identifying the former as a relationship that possesses interests and values that are "reasonably ascertainable." Id. Indeed, the SJC flatly rejected an "equitable" test – that was very similar to the test created by the Curtis court – which allowed a loss of consortium claim to continue if the plaintiff could prove that her relationship with the injured tort victim was "stable and significant" at the time of injury. Id.; see also Butcher v. Superior Court, 139 Cal. App. 3d 58, 70 (1983).

The SJC concluded its decision stating that no state court of last resort has recognized a loss of consortium claim where the plaintiff was not married to the injured tort victim at the time of injury. Id. at 142-143. The SJC also refused to follow

two federal district court decisions identified by the plaintiff
that allowed for recovery for loss of consortium even though the
plaintiff was not married to the injured tort victim at the time
of his injury.  Id.  In one of the cases, Sutherland v. Auch
Inter-Borough Transit Co., 366 F. Supp. 127 (E.D. Pa. 1973), the
court allowed recovery to a husband where his wife had been
injured in a vehicle accident during their engagement and less
than a month before their marriage.  The SJC, clearly rejecting
the holding of the two cited federal district court decisions,
noted that these cases subsequently were repudiated.  401 Mass.
at 142-143.  The SJC's negative treatment of these cases plainly
indicates that it would not allow, like the Sutherland court did,
a spouse to proceed with a loss of consortium claim if she were
not married to the tort victim at the time of his injury,
regardless of whether the two were engaged and then married soon
after the injury.  The SJC intended to limit recovery for loss of
consortium to spouses who had a valid marriage at the time of the
injury to the impaired spouse.

     The SJC did not, as the Curtis court and the Plaintiffs
contend, establish a standard that would allow a plaintiff to
bring a loss of consortium claim if she could prove that her
relationship with the injured tort victim was "reasonably
ascertainable."  Such a vague and indefinite standard is
precisely the kind that the SJC rejected and wanted to avoid.  In

sum, as this Court has already concluded, "Feliciano established that a plaintiff must have been married in order to bring a loss of consortium claim. . . ." Armstrong v. Lamy, 938 F. Supp. 1018, 1051 (D. Mass. 1996). The SJC's clear line on this issue is in accordance with other jurisdictions, including the Restatement of Torts.[2]

Accordingly, because (i) Plaintiffs were not married on December 7, 2001 – the date of Mr. Shamon's alleged injury; (ii) Mrs. Shamon immediately appreciated Mr. Shamon's physical and emotional changes, and the affects these changes had on her, on December 21, 2001, when Mr. Shamon was released from a VA Hospital, and (iii) Mrs. Shamon later married Mr. Shamon on April 12, 2002, fully aware of his alleged health and emotional problems and their affects on her, Mrs. Shamon's loss of consortium claim fails as a matter of law. See P. Shamon Dep.

---

[2]See Faber v. TGI-Friday's Inc., 148 F.Supp.2d 556, 558 (E.D. Pa. 2001); Geressy v. Digital Equip. Corp., 980 F. Supp. 640, 652-653 (E.D.N.Y. 1997); Nelson v. Fleet Nat'l Bank, 949 F. Supp. 254, 264 (D. Del. 1996); Schroeder v. Boeing Comm. Airplane Co., Div. of Boeing Corp., 712 F. Supp. 39, 42 (D. N.J. 1989); Stager v. Schneider, 494 A.2d 1307, 1315-16 (D.C. App. 1985)); Kelleher v. Boise Cascade Corp., 676 F. Supp. 22, 25 (D. Me. 1988); Rockstroh v. A.H. Robins Co., 602 F. Supp. 1259, 1269 (D. Md. 1985); Navarre v. Wisconsin Barge Line, Inc., 502 F. Supp. 360, 361 (S.D. Ill. 1980); Wagner v. Int'l Havester Co., 455 F. Supp. 168 (D. Minn. 1978); Chiders v. Shannon, 183 N.J. Super. 591 (N.J. Super. Ct. Law Div. 1982); Sawyer v. Bailey, 413 A.2d 165, 167-168 (Me. 1980); Miller v. Davis, 433 N.Y.S.2d 974 (N.Y. Sup. Ct. 1980); Tremblay v. Carter, 390 So. 2d 816, 817 (Fla. Dist. Ct. App. 2d Dist. 1980); Rademacher v. Torbensen, 13 N.Y.S.2d 124 (N.Y. Sup. Ct. 4th Dep't 1939); Restatement (Second) of Torts § 693 cmt. h (1977).

pp. 12, 36, 39-49, 53-59; R. Shamon Dep. p. 8; R. Shamon's
Interrogatory Responses No. 14.

## CONCLUSION

Accordingly, for the reasons articulated above and in
Defendant's Memorandum in Support of its Motion for Partial
Summary Judgment, Mrs. Shamon's loss of consortium claim (Count
Two) should be dismissed as a matter of law.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney
Moakley Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3398

Dated: May 9, 2005