UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD SHAMON and<br>PATRICIA SHAMON,<br><br>    Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 04-11674-WGY |

**PLAINTIFF RONALD SHAMON'S MOTION FOR LEAVE
TO AMEND COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff, Ronald Shamon, respectfully seeks leave of Court to amend his Complaint to add a claim alleging that the Defendant, through its agents and employees, failed to obtain his informed consent prior to a flexible sigmoidoscopy performed upon him at the West Roxbury VA Hospital on December 7, 2001. The proposed Amended is attached hereto as Exhibit A.

As set forth in an accompanying Memorandum of Law submitted herewith, the Court should allow Plaintiff's Motion to Amend because the Plaintiff's informed consent claim arises from the same set of facts and circumstances set forth in his original administrative claim which was timely filed with the Defendant. As such, the jurisdictional prerequisites for filing this claim have been satisfied. Moreover, the Defendant will suffer absolutely no prejudice whatsoever if the Court allows Plaintiff's Motion to Amend because: (1) the parties have already engaged in extensive factual discovery respecting the informed consent issue and (2) a trial of this matter is not scheduled to take place until November of 2005.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend his Complaint to add a claim for lack of informed consent. Plaintiff's proposed Amended Complaint is attached hereto as Exhibit A.

Respectfully submitted,

RONALD SHAMON and
PATRICIAL SHAMON,

By their attorneys,

_____
Michael R. Perry (BBO #555300)
Halye A. Sugarman (BBO #646773)
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108
(617) 423-0400

DATED: May 27, 2005
429408

## RULE 7.1 CERTIFICATE

I, Halye A. Sugarman, certify that I have conferred with counsel for the and have attempted in good faith to resolve or narrow the issues presented in this Motion to Amend Complaint.

_____
Halye A. Sugarman

## CERTIFICATE OF SERVICE

I, Halye A. Sugarman, certify that on this 27th day of May 2005, I served a copy of the foregoing Motion for Leave to Amend Complaint on counsel for the Defendant, by first class mail, postage prepaid.

>Damian W. Wilmot
>Assistant U.S. Attorney
>U.S. Attorney's Office
>Department of Justice
>John Joseph Moakley Federal Courthouse
>One Courthouse Way, Suite 9200
>Boston, MA 02210

>*/s/ Halye Sugarman*
>Halye A. Sugarman

# **<u>EXHIBIT A</u>**

Case 1:04-cv-11674-WGY   Document 19   Filed 05/27/2005   Page 4 of 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD SHAMON and PATRICIA SHAMON, <br><br> Plaintiffs <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

## AMENDED COMPLAINT

This action is brought pursuant 28 U.S.C. §§ 1346(b), 2671-80, and G.L. c. 229, § 1 et. seq., to recover damages for injuries suffered by Ronald Shamon and Patricia Shamon which were caused by the negligence and wrongful acts and omissions of employees of the Veterans Administration Medical Centers in West Roxbury and Brockton acting within the scope of their employment.

### JURISDICTION AND VENUE

1.  This action arises under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.

2.  Venue lies pursuant to 28 U.S.C. § 1391(b).

3.  Pursuant to 28 U.S.C. § 2675(a), the claim set forth herein was presented to the Veterans Administration on December 4, 2003. The Veterans' Administration denied the claim on or about June 30, 2004.

### THE PARTIES

4.  Plaintiff Ronald Shamon is a resident of the Commonwealth of Massachusetts, and resides at 8 Sanderson Drive, Plymouth, MA 02360.

5.     Plaintiff Patricia Shamon is a resident of the Commonwealth of Massachusetts, and resides at 8 Sanderson Drive, Plymouth, MA 02360. Patricia Shamon is the wife of Ronald Shamon.

6.     The Defendant is the United States of America.

## FACTS

7.     On November 29, 2001, Mr. Shamon saw his primary care physician, Dr. Simona Retter-Burch for treatment of hemorrhoidal pain. During that visit, Mr. Shamon reported severe pain, increasing constipation and discomfort on straining.

8.     At Dr. Retter-Burch's suggestion, Mr. Shamon was admitted to the Veterans' Administration Medical Center in West Roxbury, MA ("West Roxbury VA") on December 7, 2001, for a flexible sigmoidoscopy.

9.     Perforation of the colon is a known complication of a flexible sigmoidoscopy.

10.    At no time prior to the December 7, 2001 flexible sigmoidoscopy, was Mr. Shamon informed of the possible risks and/or complications associated with the flexible sigmoidoscopy, including the possibility of a perforation of the colon (or any part thereof).

11.    At no time prior to the December 7, 2001 flexible sigmoidoscopy, did Mr. Shamon review or sign a consent form to undergo the flexible sigmoidoscopy.

12.    Had Mr. Shamon been informed of the of the possible risks and/or complications associated with the flexible sigmoidoscopy (including the risk of a perforation) and had he reviewed a consent form, Mr. Shamon would not have undergone the flexible sigmoidoscopy.

13. On December 7, 2001, Dr. Chi Zhang, a staff physician at the West Roxbury VA, performed the sigmoidoscopy procedure on Mr. Shamon. Shortly after Dr. Zhang inserted of the sigmoidoscopy tube, Mr. Shamon began to experience extreme pain. Dr. Zhang then reinserted the tube. Immediately after reinserting the tube, Dr. Zhang exclaimed: "I go too high; I go too high."

14. At that point, a nurse assisting Dr. Zhang with the procedure ran to the next room and returned with another physician, Dr. Mancos De Cunha Pedrosa. Upon entering the room, Dr. De Cuhna Pedrosa pulled the sigmoidoscopy tube out, reinserted it, and instructed Dr. Zhang on the proper procedure for performing a sigmoidoscopy. During the course of this procedure, the sigmoidoscopy tube was reinserted on at least five separate occasions. After the procedure was completed, Dr. Pedrosa informed Mr. Shamon that everything was fine and that he would see him again in three to five years.

15. In the days following the sigmoidoscopy procedure, Mr. Shamon began to experience extreme pain in his rectal area. On December 11, 2001, Patricia Shamon reported Mr. Shamon's symptoms to Arthur Briggs, a nurse with the Veterans Administration Medical Center in Brockton, Massachusetts ("Brockton VA"). In response, Mr. Briggs instructed Mrs. Shamon to bring Mr. Shamon to the hospital immediately.

16. Mr. Shamon subsequently presented to the Brockton VA and was seen by a Dr. Ronald Tamler. After taking Mr. Shamon's medical history, Dr. Tamler ordered a complete blood work-up. Unfortunately, this blood work was never performed.

17. Later that day, Dr. Tamler returned to check on Mr. Shamon, and Mr. Shamon informed him that no one had come to take his blood. In response, Dr. Tamler responded, "Oh, wrong person."

18. Mr. Shamon then proceeded to show Dr. Tamler the location of his rectal pain. After examining Mr. Shamon, Dr. Tamler informed Mr. Shamon that he had a rash. Dr. Tamler further informed Mr. Shamon that he would bring him ointment to treat the rash as well as medicine to ease Mr. Shamon's pain. Approximately one hour passed before Dr. Tamler returned to the examining room. When Dr. Tamler finally returned, he entered the room briefly and then left without saying a word. Shortly thereafter, a nurse and another physician, Dr. Thomas Dickinson, entered Mr. Shamon's room and inquired as to why Mr. Shamon was there. Mr. Shamon replied that he was waiting for Dr. Tamler to bring him some ointment. Dr. Dickinson informed Mr. Shamon that the pharmacy was closed and that he could not provide him with any ointment. Instead, Dr. Dickinson gave Mr. Shamon four pain pills and discharged him from the hospital. The blood work originally ordered by Dr. Tamler was never performed.

19. The following day, Mr. Shamon experienced intense pain and a high fever. As a result, Mr. Shamon was admitted again to the Urgent Care Services at the Brockton VA and was administered pain medication, a stool softener and antibiotics.

20. Later that same day, Mr. Shamon returned to the Urgent Care Services Department and complained of increased rectal pain, and accompanying shaking, chills and sweats. Mr. Shamon was diagnosed with perirectal abscess, and was transferred to the West Roxbury VA. At the West Roxbury VA, emergency surgery (incision and

drainage of large bilateral peri-rectal and inschio-rectal abscess) was performed on Mr. Shamon with considerable blood loss.

21. Following this surgery, Mr. Shamon experienced a rocky post-operative course requiring prolonged naso-gastric intubation due to ileus as well as a blood transfusion.

22. On December 18, 2001, Mr. Shamon underwent an additional surgery involving an exploration of the perineum and re-packing of the bilateral ischio rectal spaces. Mr. Shamon was subsequently discharged home on December 21, 2001 with a Foley catheter and a leg bag.

23. On February 27, 2002, Mr. Shamon was re-hospitalized due to persistent drainage from the perineal area and rectum. On the following day, Mr. Shamon underwent an additional incision and drainage of bi-lateral peri-rectal abscesses. He was subsequently discharged from the hospital on March 3, 2002.

24. On May 16, 2002, Mr. Shamon was required to undergo yet another surgery for drainage of recurrent perineal abscess and anal fistulotomy.

25. At all times relevant to this complaint, the defendant, through its employees at the West Roxbury VA and Brockton VA acting within the scope of their office or employment, represented and held themselves out to be skilled in the treatment of various illnesses and conditions.

**COUNT I**
**(NEGLIGENCE – Ronald Shamon)**

26. Ronald Shamon repeats and realleges the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

5

27. The defendant, through its employees at the Brockton VA and West Roxbury VA acting within the scope of their office or employment, owed Mr. Shamon a duty to exercise reasonable skill and attention in its care and treatment of him during their procedures and his hospitalizations.

28. The defendant, through its employees at the Brockton VA and West Roxbury VA acting within the scope of their office or employment, failed to exercise reasonable care in its treatment of Mr. Shamon.

29. The conduct of the defendant, through its employees at the West Roxbury VA and Brockton VA acting within the scope of their office or employment, deviated from and fell below the accepted standards of medical practice as it existed in 2001-2002.

30. The conduct of the defendant, through its employees at the West Roxbury VA and Brockton VA acting within the scope of their office or employment, was also grossly negligent.

31. As a direct and proximate cause of the negligence of the employees of the West Roxbury VA and Brockton VA, Mr. Shamon was caused to suffer a rectal perforation, loss of muscle control, and permanent considerable pain and discomfort in the rectal area, and extreme pain, suffering, and embarrassment.

32. If the defendant were a private person, it would be liable to Mr. Shamon in accordance with Massachusetts law.

## COUNT II
### (LOSS OF CONSORTIUM – Patricia Shamon)

33. Patricia Shamon repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

34. Patricia Shamon is the wife of Ronald Shamon.

35.   As a result of the injuries caused by the Defendant's negligence, Patricia Shamon has sustained a significant loss of her husband's society, comfort, and companionship.

## COUNT III
### (FAULIRE TO OBTAIN INFORMED CONSENT – Ronald Shamon)

36.   Ronald Shamon repeats and realleges the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37.   The defendant, through its employees at the Brockton VA and West Roxbury VA acting within the scope of their office or employment, owed Mr. Shamon a duty to disclose to Mr. Shamon sufficient information to enable him to make an informed judgment as to whether to give or withhold consent to the flexible sigmoidoscopy.

38.   The defendant, through its employees at the Brockton VA and West Roxbury VA acting within the scope of their office or employment, breached this duty when it failed to inform Mr. Shamon of the risks and/or complications associated with a flexible sigmoidoscopy procedure, which include, among other things, a perforation of the colon (or any part thereof).

39.   The defendant, through its employees at the Brockton VA and West Roxbury VA acting within the scope of their office or employment, reasonably knew or should have known the nature of the risks and/or complications associated with a flexible sigmoidoscopy.

40.   The risks and/or complications associated with a flexible sigmoidoscopy, including the risk of a perforation, were material to Mr. Shamon's decision to undergo the flexible sigmoidoscopy.

7

41.   Had Mr. Shamon been given sufficient information regarding the risks and/or complications associated with a flexible sigmoidoscopy, neither he nor a reasonable person in similar circumstances would have undergone the flexible sigmoidoscopy.

42.   The breach by the defendant, through its employees at the Brockton VA and West Roxbury VA acting within the scope of their office or employment, caused Mr. Shamon's injuries.

WHEREFORE, Plaintiffs Ronald Shamon and Patricia Shamon hereby request that this Court:

1.   Enter judgment in their favor on the Complaint;

2.   Award damages against the defendant, to include full amounts as to all elements of damages recoverable for negligence and loss of consortium, including conscious pain and suffering, with interest from the date of filing plus costs, expenses and attorneys' fees; and

3.   Enter such other and further relief as this Court deems just and appropriate.

        Respectfully submitted,

        RONALD SHAMON, and
        PATRICIA SHAMON,

        By their attorneys,

        */s/ signature*
        Timothy P. O'Neill (BBO#379715)
        Michael R. Perry (BBO#566760)
        HANIFY & KING, PC
        One Beacon Street
        21st Floor
        Boston, MA 02108
        (617) 423-0400

Dated: May 27, 2005
429313