UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                        )
RONALD SHAMON and PATRICIA SHAMON,      )
     Plaintiffs,                        )
                                        )
v.                                      ) Docket No. 04cv11674-WGY
                                        )
UNITED STATES OF AMERICA,               )
     Defendant.                         )
_____)
```

## **DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

The United States of America submits this Supplemental Memorandum in support of its Motion for Partial Summary Judgment. The United States previously moved to dismiss the Plaintiff Patricia Shamon's loss of consortium claim on the grounds that she was not married to the alleged tort victim, Plaintiff Ronald Shamon, until months after the alleged injury. The Court has scheduled a hearing on this Motion for June 13, 2005.

While the United States believes this ground for dismissal is still valid, it has come to the government's attention that Mrs. Shamon's claim under the Federal Torts Claims Act ("FTCA") also is jurisdictionally barred because she failed to file a timely administrative claim with the Department of Veteran Affairs ("VA"). Accordingly, the Court lacks subject matter jurisdiction over Mrs. Shamon's claim. This fact did not become clear to the government until after it deposed Mrs. Shamon and recently received Plaintiffs' full responses to the government's document requests.

The law is well settled that the United States of America, as a sovereign, may be sued only to the extent that it has consented to suit by statute.  E.g., United States v. Mitchell, 445 U.S. 535, 538 (1980).  A waiver of this immunity must be explicit.  E.g., Honda v. Clark, 386 U.S. 484, 501 (1967).

The FTCA, 28 U.S.C. § 1346(b), provides for a limited waiver of sovereign immunity by authorizing, with certain exceptions, suits sounding in tort against the United States.  This waiver is limited, however, by section 2675(a), which provides that no tort action shall be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ."  28 U.S.C. § 2675(a); 28 C.F.R. § 14.2. A tort claim against the United States is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."  28 U.S.C. § 2401(b); see also 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2.

The administrative claim requirements are jurisdictional in nature and cannot be waived.  Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003); Richman v. United States, 709 F.2d 122, 124 (1st Cir. 1983); Booten v. United States, 95 F. Supp. 2d 37, 42 (D. Mass. 2000).  Thus, if any plaintiff has not filed a timely administrative claim before bringing suit, the Court must dismiss that plaintiff's claim for lack of subject matter jurisdiction.  Skwira, 344 F.3d at 71; Eveland, III v. Director

of Central Intelligence Agency, 843 F.2d 46, 50 (1st Cir. 1988);
Chatman v. Hernandez, 805 F.2d 453, 457 (1st Cir. 1986); Richman
v. United States, 709 F.2d at 124.

In Massachusetts, a cause of action for consortium is
independent of the injured spouse's action for personal
injuries.[1]  See Davis v. United States, 834 F. Supp. 517, 518 (D.
Mass. 1993); Wozniak v. United States, 701 F. Supp. 259, 262 (D.
Mass. 1988); Feltch v. General Rental Co., 383 Mass. 603, 607-
608, 421 N.E.2d 67, 70-71 (1981), and cases cited therein.
Courts have overwhelmingly held that in states where loss of
consortium is an independent claim, it must be separately and
expressly raised in a timely administrative claim if the
jurisdictional requirements of the FTCA are to be satisfied.
See, e.g., Davis, 834 F. Supp. at 518; Wozniak v. United States,
701 F. Supp. at 262.  If it is not, the loss of consortium claim
must be dismissed.

In the instant action, Mrs. Shamon testified that on
December 21, 2001, she immediately noticed physical and emotional
changes in her husband.  Deposition of Patricia Shamon ("P.
Shamon Dep.") pp. 36, 39-49, 53-57.[2]  December 21, 2001, is the
date of her husband's release from the West Roxbury VA Hospital.

---

[1] Pursuant to 28 U.S.C., Section 1346(b), Massachusetts law
applies because the accident allegedly occurred in Massachusetts.

[2] The relevant portions of Patricia Shamon's deposition are
attached hereto as Exhibit A.

- 3 -

P. Shamon Dep. pp. 36, 39-49, 53-57.  Mrs. Shamon testified that her husband's physical and emotional changes had an adverse affect on Mrs. Shamon.  P. Shamon Dep. pp. 57-59.  Mrs. Shamon testified that she began to suffer from the adverse affects of her husband's physical and emotional changes on December 21, 2001.  P. Shamon Dep. pp 36, 39-49, 53-59.

Mrs. Shamon's alleged suffering from the adverse affects of Mr. Shamon's physical and emotional changes is the basis of her loss of consortium claim.  Therefore, her claim for loss of consortium accrued, according to her own testimony, on December 21, 2001.  Accordingly, pursuant to 28 U.S.C. § 2401(b), Mrs. Shamon was required to present her loss of consortium claim to the VA by December 21, 2003.  However, Mrs. Shamon did not present her administrative claim for loss of consortium to the VA until May 17, 2004, approximately five months after the two-year statute of limitation ran on her loss of consortium claim.[3]  See Exhibit B.  Accordingly, Mrs. Shamon's administrative claim for loss of consortium was untimely and, thus, is forever barred. See United States v. Kubrick, 444 U.S. 111, 121-24 (1979); Skwira, 344 F.3d at 78; Benitz v. Presbiterian Hospital, 539 F. Supp. 470, 473 (D.P.R. 1982); Mudlo v. United States, 423 F.

---

[3] While Mr. Shamon listed Mrs. Shamon as a witness on his administrative claim form, he did not list her as a claimant. Exhibit C.  See Davis, 834 F. Supp. at 518, and cases cited therein.

- 4 -

Supp. 1373, 1377 (W.D. Pa. 1976).

<u>CONCLUSION</u>

Accordingly, for the reasons articulated above and in Defendant's previous Memoranda in Support of its Motion for Partial Summary Judgment, Mrs. Shamon's loss of consortium claim (Count Two) should be dismissed as a matter of law.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney
Moakley Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3398

Dated: June 2, 2005