# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

RONALD SHAMON and PATRICIA SHAMON,
    Plaintiffs,                        )

v.                                 Docket No. 04cv11674-WGY

UNITED STATES OF AMERICA,
    Defendant.                        )

---

**AFFIDAVIT OF RITA S. MANDOSA**

I, Rita S. Mandosa, hereby state as follows:

1. I am aware of the allegations made by the Plaintiff Ronald Shamon in the above-captioned action and of his Motion for Leave to Amend the Complaint to include a claim of lack of informed consent.

2. I submit this affidavit in support of the United States's Opposition to Mr. Shamon's Motion for Leave to Amend the Complaint.

3. The information contained in this affidavit is based upon my personal knowledge and my review of Mr. Shamon's administrative claim, which he submitted to the Department of Veteran Affairs ("VA") on December 4, 2003. I make this affidavit knowingly and voluntarily.

4. I am a staff attorney with the VA Regional Counsel's Office

5. As mentioned above, Mr. Shamon submitted a "Claim for Damage, Injury, or Death" (or Standard Form 95) to the VA on

December 4, 2003, claiming medical negligence. Specifically, Mr. Shamon alleged that Dr. Chi Zhang negligently performed a sigmoidoscopy procedure on Mr. Shamon by perforating his rectum presumably with the sigmoid scope. The VA assigned me to investigate and evaluate Mr. Shamon's administrative claim

6. Mr. Shamon's Standard Form 95 does not allege that the VA failed to informed him of the risk associated with a sigmoidoscopy procedure.

7. On May 17, 2004, Mr. Shamon's counsel, Attorney Michael Perry, sent the VA a letter purportedly amending Mr. Shamon's administrative claim to include his wife's claim for loss of consortium

8. The May 17, 2004, letter does not present additional information that includes or even alludes to a lack of informed consent issue.

9. After May 17, 2004, Attorney Perry and I engaged in settlement discussions concerning Mr. Shamon's claim

10. All of Plaintiff's written correspondence and telephone conversations with me, including a purported medical expert's evaluation of the VA's treatment of Mr. Shamon, focused exclusively on Plaintiff's theory that Dr. Zhang deviated from the standard of care during the sigmoidoscopy examination when he allegedly perforated Mr. Shamon's rectum with the sigmoid scope.

11. During my review of Mr. Shamon's administrative

complaint, I provided Attorney Perry with a copy of Mr. Shamon's VA medical record upon Attorney Perry's demand.

Plaintiff never raised any challenges to the VA medical record during my review of his administrative complaint.

13. Attorney Perry never indicated to me, or even hinted, that Mr. Shamon was asserting a claim for lack of informed consent. Therefore, in my review of Mr. Shamon's administrative complaint, I never evaluated a lack of informed consent claim and did not consider such a claim when I made my recommendations to the VA on whether it should settle the negligence claim presented in Mr. Shamon's administrative complaint.

The VA ultimately denied Mr. Shamon's claim on June 30, 2004

Signed this 9th day of June, 2005, under the pains and penalties of perjury.

Rita Mandosa, Esq.
Bedford VA Hospital
VA Regional Counsel's Office
Building 61, 200 Springs Rd.
Bedford, MA 01730