```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                                    )
RONALD SHAMON and PATRICIA SHAMON,  )
     Plaintiffs,                    )
                                    )
v.                                  ) Docket No. 04cv11674-WGY
                                    )
UNITED STATES OF AMERICA,           )
     Defendant.                     )
_____)
```

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION FOR LEAVE TO FILE AMENDED ANSWER**

Defendant, the United States of America, respectfully submits this Memorandum of Law in Support of its Motion for Leave to File an Amended Answer, adding an additional affirmative defense. Specifically, Defendant requests leave to add the following affirmative defense to its Answer:

> Plaintiff's recovery against Defendant for pain and suffering, loss of companionship, embarrassment and other items of general damages, is limited to the damages recoverable under Massachusetts General Laws Chapter 231, § 60H.

"Leave to amend is to be 'freely given' . . . unless it would be futile . . . or reward, inter alia, undue or intended delay . . . ." Resolution Trust Corp. v. Harold Gold & Graphics Leasing Corp., 30 F.3d 251, 253 (1st Cir. 1994) (citations omitted). Plaintiff claims that the Government is liable for medical malpractice under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, et seq. Complaint ¶1. As such, pursuant to the FTCA, the Court must determine liability "in accordance with the law of the place where the [negligent] act or

omission occurred." 28 U.S.C. § 1346(b)(1). In this case, the alleged negligence took place in Massachusetts. Therefore, Massachusetts law determines the government's liability for Plaintiff's injury. See e.g., Mitchell v. Unites States, 141 F.3d 8, 13 (1st Cir. 1998).

Under Massachusetts law, damages awarded for "pain and suffering, loss of companionship, embarrassment and other items of general damages" in actions for medical malpractice generally are capped at $500,000. Mass. Gen. Laws c. 231, § 60H. While the First Circuit has not issued a decision on the applicability of a state statutory cap on medical malpractice damages to FTCA actions against the federal government, every court of appeals to address the issue has held that state statutory caps on damages apply to the United States. See, e.g., Lozada v. United States, 974 F.2d 986, 988-989 (8th Cir. 1992); Owen v. United States, 935 F.2d 734, 737-38 (5th Cir. 1991), cert. denied, 502 U.S. 1031 (1992); Starns v. United States, 923 F.2d 34, 37 (4th Cir. 1991), cert. denied, 502 U.S. 809 (1991); Taylor v. United States, 821 F.2d 1428, 1432 (9th Cir. 1987), cert. denied, 485 U.S. 992 (1988); see also Gaffney v. United States, No. 88-1457-Z, 1990 U.S. Dist. LEXIS 14534 (D. Mass. Oct. 26, 1990) (applying California statutory cap on medical malpractice damages to claim brought under FTCA).

Because the Massachusetts statutory cap on medical

malpractice actions applies to the case at bar, the government respectfully requests leave to amend its Answer to include an affirmative defense asserting the cap.  The Amended Answer is attached hereto as Attachment A.  As this case has not yet been scheduled for trial, the government's delay in asserting this defense is not undue, nor is it intended.  Moreover, Plaintiff will not be prejudiced by this amendment.  Indeed, counsel for the Plaintiff does not object to this motion.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                             By:  /s/ Damian W. Wilmot
                                        DAMIAN W. WILMOT
                                        Assistant U.S. Attorney
                                        Moakley Federal Courthouse
                                        One Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        (617) 748-3100

Dated: September 16, 2005

### CERTIFICATION UNDER L.R. 7.1

    Counsel have conferred pursuant to L.R. 7.1(A)(2), and Plaintiff's counsel has no objection to the Defendant's filing of this Motion.

                                        /s/ Damian W. Wilmot
                                        DAMIAN W. WILMOT
                                        Assistant U.S. Attorney