```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                                    )
RONALD SHAMON,                      )
     Plaintiff¹,                    )
                                    )
v.                                  ) Docket No. 04cv11674-WGY
                                    )
UNITED STATES OF AMERICA,           )
     Defendant.                     )
_____)
```

## AMENDED ANSWER

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant, United States of America, responds to the Complaint of Plaintiff Ronald ("Mr. Shamon") as follows:

## FIRST AFFIRMATIVE DEFENSE

The allegations contained in the Complaint's introduction paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies those allegations.

## JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Complaint constitute jurisdictional averments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies those allegations.

2. The allegations contained in Paragraph 2 of the Complaint constitute jurisdictional averments and conclusions of law to which no response is required. To the extent a response

---

¹ Plaintiff Patricia Shamon withdrew her claims against the United States, with prejudice, on June 10, 2005.

is required, Defendant denies those allegations.

3. Defendant admits that the Office of Regional Counsel for the Department of Veterans Affairs ("VA") received Mr. Shamon's "Claim for Damage, Injury, or Death" ("Claim") on or about December 4, 2003, which speaks for itself. Defendant further admits that the Office of Regional Counsel for the VA received Mr. Shamon's attempt to amend his Claim, adding a loss of consortium claim for Patricia Shamon, on or about May 19, 2004, which speaks for itself. Defendant admits that the VA denied the Claim on or about June 30, 2004.

### THE PARTIES

4. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint. To the extent a response is required, Defendant denies those allegations.

5. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint. To the extent a response is required, Defendant denies those allegations.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

### ALLEGATIONS

7. Defendant admits that Mr. Shamon met with his primary care physician, Dr. Simona Retter-Bursch, on or about November 29, 2001, for, *inter alia,* treatment of hemorrhoidal pain.

      Defendant further admits that Mr. Shamon complained of increased constipation and increased discomfort on straining.

8. Defendant admits the allegations contained in Paragraph 8 the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint; however, Defendant admits that Doctors Chi Zhang and Marcos Pedrosa performed the sigmoidoscopy procedure on Mr. Shamon on or about December 7, 2001, and that upon insertion of the sigmoidoscopy tube, Mr. Shamon began to experience pain.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint; however, Defendant admits that Doctors Chi and Pedrosa reinserted the sigmoidoscopy tube more than once.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies that the VA never performed blood work on Mr. Shamon.  Defendant admits that after the VA Medical Center located in Brockton, Massachusetts ("Brockton VA") admitted Mr. Shamon, Dr. Ronald Tamler attended to him. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that Dr. Tamler checked on Mr. Shamon during his stay at the Brockton VA.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint; however, Defendant denies that the VA never performed blood work on Mr. Shamon.

15. Defendant admits that on December 12, 2001, the Brockton VA admitted Mr. Shamon again, placed him in Urgent Care Services, and gave Mr. Shamon pain medication, a stool softener and antibiotics.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 the Complaint.

16. Defendant admits that Dr. Thomas Dickerson at the Brockton VA, who saw Mr. Shamon on December 12, 2001, for pain with a high temperature, diagnosed Mr. Shamon with two abscesses and referred Mr. Shamon to the Emergency Room of the VA Medical Center in West Roxbury, Massachusetts ("West Roxbury VA").  Defendant also admits that Dr. Garry Fitzpatrick at the West Roxbury VA performed surgery (incision and drainage of a large bilateral peri-rectal and inschio-rectal abscess) on Mr. Shamon.

17. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint; however, Defendant admits that Mr. Shamon received a blood transfusion. Defendant denies that Mr. Shamon received a naso-gastric intubation for a "prolonged" period of time.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains allegations that constitute argument and conclusions of law to which no response is required. To the extent a response is required, Defendant admits that the VA medical staff were acting within the scope of their employment in their dealings with Mr. Shamon; however, Defendant denies the remaining allegations.

### COUNT I
### NEGLIGENCE - RONALD SHAMON

22. Defendant hereby restates and incorporates by reference the responses to Paragraphs 1 through 21 above.

23. Paragraph 23 of the Complaint contains allegations that constitute argument and conclusions of law to which no response is required. To the extent a response is required,

    Defendant denies those allegations.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

COUNT II
LOSS OF CONSORTIUM - PATRICIA SHAMON

Patricia Shamon withdrew her claims against the United States, with prejudice, on June 10, 2005. Therefore, no response is required to Paragraphs 29 to 31 of the Complaint.

Defendant also denies each and every allegation to the Complaint not heretofore admitted, denied, or otherwise responded to.

**ADDITIONAL AFFIRMATIVE DEFENSES**

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs' recovery against Defendant is limited to the damages recoverable under the Federal Tort Claims Act.

3. Pursuant to 28 U.S.C. § 2675(b), Plaintiffs are prohibited

   from claiming or recovering an amount against Defendant in excess of that set forth in the administrative claim presented to the Department of Veterans Affairs.

4. Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiffs cannot recover attorneys' fees from the Department of Veterans Affairs.

5. Pursuant to 28 U.S.C. § 2402, Plaintiffs are not entitled to a jury trial against the United States.

6. Pursuant to 28 U.S.C. § 2674, Plaintiffs are proscribed from recovering any amount for pre-judgment interest against Defendant.

7. Defendant denies that it and/or any of its agents or employees was negligent and/or breached any duty or standard of care due to Mr. Shamon and/or engaged in any conduct that was the proximate cause of the injuries, damages and losses allegedly incurred by him.

8. Without conceding that Mr. Shamon has suffered any damages as a result of any purportedly wrongful act of the Defendant, Mr. Shamon has failed to mitigate his damages.

9. Plaintiff's recovery against Defendant for pain and suffering, loss of companionship, embarrassment and other items of general damages, is limited to the damages recoverable under Massachusetts General Laws Chapter 231, § 60H.

   WHEREFORE, Defendant, having fully answered, prays that this

action be dismissed with prejudice; that the Plaintiff take nothing by reason of his Complaint; and that the Defendant be granted its cost and such further relief as the Court may deem just.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

Dated: September 16, 2005    By:  /s/ Damian W. Wilmot
                                      DAMIAN W. WILMOT
                                      Assistant U.S. Attorney
                                      Moakley Federal Courthouse
                                      One Courthouse Way, Suite 9200
                                      Boston, MA  02210
                                      (617) 748-3100