```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

                                )
RONALD SHAMON,                  )
     Plaintiff,                 )
                                )
     v.                         )   Docket No. 04cv11674-WGY
                                )
UNITED STATES OF AMERICA,       )
     Defendant.                 )
                                )
```

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE OF EMOTIONAL DISTRESS

Defendant hereby moves in limine for a Court order excluding all evidence of plaintiff's alleged emotional distress at trial. Such an order is warranted because plaintiff has refused to supplement his responses to the defendant's discovery requests relating to plaintiff's purported emotional distress, and thus, did not comply with Fed. R. Civ. P. 26(e)(2). Furthermore, plaintiff has refused to comply with Fed. R. Civ. P. 35(b)(1), which, under circumstances relevant here, required plaintiff to provide the defendant with a medical examination report concerning any examination of his alleged emotional distress.

### RELEVANT FACTS

On December 4, 2003, plaintiff Ronald Shamon filed a medical malpractice claim against the United States Department of Veterans Affairs (VA), alleging, inter alia, that he suffered a perforated colon as a result of a sigmoidoscopy that he says was negligently performed by VA physicians. In addition to physical injuries, plaintiff also claims damages for emotional distress.

On January 19, 2005, the defendant served plaintiff with a set of interrogatories. Interrogatory Number 2 states in relevant part:

> Please identify each medical professional, other than those who are employed by the VA, who has treated, examined, or in any other way consulted with you regarding any injuries, symptoms, illnesses, conditions or disabilities, whether physical, mental, or emotional, purportedly caused by negligent treatment alleged in your Complaint.

See Exhibit A, attached hereto. Defendant also served plaintiff with a request for production of documents. Document requests Numbers 1, 4, and 8 asked for, in respective order:

> Any and all medical records, not previously produced, relating to each and every diagnosis and treatment by any medical professional that concern the injuries/negligence you allege in your Complaint.
>
> Copies of each document you have referred to, relied on, described or identified in your response to Defendant's First Set of Interrogatories served herewith.
>
> Copies of any and all documents that pertain to, relate to, refer to, support, evidence, or refute your claims for damages.

See Exhibit B, attached hereto.

Plaintiff first responded to defendant's discovery requests on February 18, 2005. On April 21, 2005, plaintiff supplemented his responses to defendant's document requests by producing, among other documents, two medical records from his psychologist, Dr. Russell Fry -- a one-page intake evaluation form, dated March 24, 2005, and a one-page chart with four entries on it, the last

dated April 15, 2005.  Since then, plaintiff has provided no additional psychological records.  On June 1, 2005, and October 27, 2005, plaintiff provided defendant with his Supplemental Answers to Defendant's Expert Interrogatories, both times identifying Dr. Fry as plaintiff's treating psychologist for his alleged emotional distress.

At defendant's request, plaintiff submitted to a mental examination on June 23, 2005, pursuant to Federal Rule of Civil Procedure 35.  On October 24, 2005, at plaintiff's request, made pursuant to Rule 35(b)(1), the defendant provided plaintiff with a detailed written report prepared by the examiner based on his mental examination of plaintiff.  See Exhibit C, attached hereto. Pursuant to Rule 35(b), the defendant, in turn, requested from the plaintiff a "like report of any examination, previously or thereafter made, of the same condition." See id.  Plaintiff failed to provide such report.  In an email dated October 27, 2005, the defendant again requested, pursuant to Rule 35(b)(1), that the plaintiff produce a report of any examination of plaintiff's mental condition.  See Exhibit D, attached hereto. Again, plaintiff failed to provide such report.  On December 6, 2005, during a telephone conference, the defendant requested that plaintiff supplement his discovery responses by providing all of plaintiff's mental health records and a report pursuant to Rule 35(b)(1) concerning any mental health examination plaintiff

underwent, to which plaintiff refused.

## ARGUMENT

Rule 26(e)(2) imposes a duty on the plaintiff to supplement his response to defendant's discovery request for his mental health records. Rule 26(e)(2) states in relevant part: "[a] party is under a duty seasonably to amend a prior response to an interrogatory, request for production . . . if the additional . . . information has not otherwise been made known to other parties during the discovery process . . . " Fed. R. Civ. P. 26(e)(2). The defendant has knowledge that additional mental health records exist concerning the plaintiff. Indeed, plaintiff's psychologist, Dr. Fry, notes on March 24, 2005, that he intends to consult with plaintiff on a weekly to bi-monthly basis. Also, based on information and belief, Dr. Fry has been treating plaintiff for his alleged emotional distress until the present. Clearly, Dr. Fry possess additional medical records concerning plaintiff following April 15, 2005, the date of his last note in the limited records provided.

By claiming emotional distress damages, plaintiff has put his mental condition at issue, and, therefore, his mental health records are relevant. Defendant clearly needed these records in order to prepare an adequate defense to plaintiff's claim for emotional distress. Plaintiff's failure to comply with his duty to supplement his responses under Rule 26, and his outright

refusal to provide these additional records, warrants an order from this Court precluding the plaintiff from introducing any evidence of emotional distress at trial. The Court has the authority to issue such an order pursuant to Federal Rule of Civil Procedure 37(c)(1).[1]  See Laplace-Bayard v. Batlle, 295 F.3d 157, 161 (1st Cir. 2002).

    Furthermore, because plaintiff, pursuant to Rule 35(b)(1), requested an examination report from the defendant concerning its examiner's June 23, 2005 mental examination of the plaintiff, plaintiff was obligated under Rule 35(b)(1) to provide the defendant with "a like report concerning any examination" of the plaintiff's mental health when defendant requested such a report. See Fed. R. Civ. P. 35(b)(1).  Plaintiff's refusal to comply with his obligations under Rule 35(b)(1), also warrants the exclusion of all evidence of plaintiff's alleged emotional distress.

---

[1]  Previously, Rule 37(c) only included reference to a party's failure to amend its responses, however, it was amended in 2000 to clarify that a party's failure to comply with the supplementation duty imposed by Rule 26(e)(2) was subject to sanctions as well.  See Wilson v. Bradlees of New England, Inc., 230 F.3d 10, 19, n.18 (1st Cir. 2001).

CONCLUSION

For the foregoing reasons, the defendant asks the court to exclude all evidence of plaintiff's alleged emotional distress.

                                              Respectfully Submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

                                 By:   /s/ Damian W. Wilmot
                                              DAMIAN W. WILMOT
                                              Assistant U.S. Attorney
                                              Moakley Federal Courthouse
                                              One Courthouse Way, Suite 9200
                                              Boston, MA 02210
Date: December 9, 2005                 (617)748-3398

**CERTIFICATION UNDER L.R. 7.1**

I certify that in accordance with Local Rule 7.1, I have conferred with Plaintiff's counsel and have attempted in good faith to resolve the issues addressed in this Motion.

                                              /s/ Damian W. Wilmot
                                              DAMIAN W. WILMOT
                                              Assistant U.S. Attorney