**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
RONALD SHAMON and PATRICIA SHAMON, )
        Plaintiffs,             )
                                )
v.                              )   Docket No. 04cv11674-WGY
                                )
UNITED STATES OF AMERICA,       )
        Defendant.              )
_____)
```

### DEFENDANT'S FIRST SET OF INTERROGATORIES
### TO PLAINTIFF RONALD SHAMON

Pursuant to Fed. R. Civ. P. 33, Defendant, the United States of America (hereinafter referred to as the "Defendant"), hereby serves on the Plaintiff, Ronald Shamon (hereinafter referred to as the "Plaintiff"), the following interrogatories to be answered by Plaintiff under oath.  Answers should be served on Damian Wilmot, Assistant United States Attorney, One Courthouse Way, Suite 9200, Boston, Massachusetts, 02210, on or before thirty (30) days after service upon the Plaintiff of these interrogatories.

### DEFINITIONS

1.  Complaint: The term "Complaint," except where context does not permit, includes the Complaint filed by the Plaintiff in the United States District Court, District of Massachusetts, in the pending action "*Ronald Shamon and Patricia Shamon, Plaintiffs v. United States of America, Defendant, Docket No. 04cv11674-WGY.*"

2.    <u>Document</u>: The term "document" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefaxes, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments or any of the foregoing), graphic and aural records or representations of any kind (including without limitation photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion picture) and electronic, mechanical or electrical records and representations of any kind (including without limitation tapes, cassettes, discs and recordings).

3.    <u>Person</u>: The term "person" means any natural person, corporation, partnership, proprietorship, association, organization or group of natural persons.

4.    <u>Relate To or Relating To</u>: The terms "relate to" or "relating to" include, without limitation, constituting, defining, concerning, embodying, reflecting, identifying,

stating, referring to, dealing with, or in any way pertaining to including, items which contradict or are inconsistent with the answer provided by plaintiff.

5. <u>You or Your</u>: The term "you or your" means plaintiff and all other persons acting or purporting to act on behalf of said plaintiff, including any consultants, experts, investigators, agents and, unless privileged, plaintiff's attorneys.

6. <u>And and Or</u>: The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to make the interrogatory inclusive rather than exclusive.

7. <u>Each and All</u>: The terms "each" and "all" and the use of singular or plural forms shall be construed in such a manner as to make the interrogatory inclusive rather than exclusive.

8. <u>Date</u>: The term "date" means the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

## **INSTRUCTIONS**

1. If you do not answer an interrogatory or produce any document because of a claim of privilege, you are directed to:

    a. State the paragraph number (and subparagraph number where applicable) of the interrogatory;

    b. Set forth the date of the alleged privileged communication;

    c. State the name, address (if known), and title or

-3-

position of all parties present during the
communication;

d.    Describe the general subject matter of the
communication;

e.    State the specific basis for your claim that the
communication is privileged or otherwise protected
against disclosure.

2.    For each section of each interrogatory, identify all
persons with knowledge relating to the response to that
interrogatory.

3.    Where the name or identity of a person is requested,
please state the full name, present or last known home address
and business address, including zip code, and telephone number of
that person, if known.  Once a person has been indentified in
accordance with this paragraph, only the name of that person need
be listed in response to subsequent discovery requesting the
identification of that person.

4.    Where knowledge or information is requested, such
request includes knowledge of the plaintiff's agents,
representatives and, unless privileged, attorneys.

5.    As to each document identified, state: the date of the
document, the type of document, (e.g. letter, contract,
memoranda, etc.), the identity of the author or originator, the
identity of each person to whom the original or copy was

-4-

addressed or delivered, a brief description of the subject matter thereof, and the identity of each person known or reasonably believed by you to have present possession, custody, or control thereof, all with sufficient particularity to request its production under Fed. R. Civ. P. 34. In addition, if the document is officially or publically recorded, the book volume and page number and the country or political subdivision of the record.

6.    Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrence(s) referred to in the Complaint in the above-captioned action.

7.    Responses to these interrogatories must be supplemented to the extent required by Fed. R. Civ. P. 26(e).

## INTERROGATORIES

Interrogatory Number 1:

Please identify each medical professional, other than those who are employed by the Department of Veteran Affairs (hereinafter referred to as the "VA"), who has treated, examined, or in any other way consulted with you, during the period from January 1, 1999 to the present, for any physical condition resulting from any injury other than that which is the subject of this lawsuit. With respect to such professional, state:

  a.    Their full name, business address, and medical
        qualifications; and

-5-

b.   A summary of the treatment, examination, or
consultation.

## Interrogatory Number 2:

Please identify each medical professional, other than those
who are employed by the VA, who has treated, examined, or in any
other way consulted with you regarding any injuries, symptoms,
illnesses, conditions or disabilities, whether physical, mental,
or emotional, purportedly caused by negligent treatment alleged
in your Complaint.  For each professional, please identify:

a.   Their full name, business address, and medical
qualifications;

b.   A summary of the treatment, examination, or
consultation;

c.   Any documentation or report made by a treating,
examining, or consulting physician;

d.   All bills concerning such treatment, examination, or
consultation.

## Interrogatory Number 3:

If you at any time took or currently take any medications,
prescription or otherwise, as a result of any injury, symptom,
illness, condition or disability, whether physical, mental, or
emotional, sustained due to the negligence alleged in your

-6-

Complaint, state:

     a.   the name of each medication;

     b.   whether the medication requires a prescription;

     c.   the name of the physician recommending or prescribing the medication;

     d.   the condition for which the medication is or was taken; and

     e.   the dates on which you began and finished taking the medication.

## Interrogatory Number 4:

Describe in detail all injuries, symptoms, illnesses, conditions or disabilities, whether physical, mental, or emotional, which you have experienced since the negligence treatment alleged in your Complaint, and which you claim to have been caused, aggravated, or otherwise contributed to by the alleged negligent treatment, stating when such injuries, symptoms, illnesses, or disabilities first manifested themselves.

## Interrogatory Number 5:

With respect to each claimed injury, symptom, illness, condition or disability set forth in response to Interrogatory Number 4, state whether or not you have now recovered therefrom, and, if so, state the approximate date of such recovery.

Interrogatory Number 6:

If you contend that any injury, symptom, illness, or disability resulting from the negligence alleged in your Complaint is permanent, state with respect to each such injury, symptom, illness or disability:

      a.    the specific medical reason(s) for that answer;

      b.    the extent of each injury, symptom, illness, or disability which you claim to be permanent; and

      c.    whether you claim that your ability to work will be impaired thereby and, if so, the manner in which your ability will be impaired.


Interrogatory Number 7:

If you claim that, as a result of the negligence alleged in your Complaint, you were incapacitated, or otherwise unable to perform normal activities of daily living, please state in full and complete detail, the beginning and ending date of any period of partial or full incapacity.


Interrogatory Number 8:

Identify each and every individual having knowledge of the facts alleged in your Complaint, including each person's knowledge of the impact on your life (including medical)

economic, social, emotional, personal, effects).

Interrogatory Number 9:

Please identify each person whom you intend to call as a witness at trial in this matter. For each person, state:

    a.    The name and business address of the person;

    b.    A full, complete, and detailed description of the subject matter upon which the person is expected to testify.

Interrogatory Number 10:

Please state the name, title (if any), specialty, employer, and business address of any person whom you plan to call as an expert witness at trial. With respect to each person, describe the following:

    a.    A full, complete, and detailed description of the subject matter on which the person will testify;

    b.    Whether such person has prepared or will be preparing a written report of findings;

    c.    The academic and other qualifications of such person;

    d.    The substance of the facts and explanations of data to which such person is expected to testify;

    e.    A summary of the grounds for each explanation of data listed in answer to part (d) of this interrogatory;

f.   All documents and any other material that such person relied upon or consulted in any manner in determining any facts and formatting any opinions listed in answer to part (d) of this interrogatory;

g.   All documents and any other material that such person is expected to rely upon at the trial;

h.   A complete bibliography of the textbooks, treatises, articles and other works of such person regarded as authoritative on the subject matter on which he will be testifying; and

i.   The manner in which such person became familiar with the facts of the case.


Interrogatory Number 11:

For each and every occasion upon which any expert witness you expect to call at trial has ever testified in a court of law, please state separately:

a.   the full caption of the case, including the court, full title, and docket number;

b.   the substance of their testimony;

c.   their role in providing such testimony, e.g., expert, defendant, witness, etc.

-10-

Interrogatory Number 12:

Please itemize separately and in full, complete, and specific detail each and every element of damage which you and Patricia Shamon claim to have suffered as a result of the allegations of your Complaint, specifically those damages referred to in paragraphs 27 and 31 and in your prayer for relief. For each element of damage identified, please specify:

- a. The count or defense to which the item of damages relates;

- b. The category into which each item of damage falls (i.e. lost wages, general damages, special consequential damages, interest, and any other relevant categories);

- c. The factual basis for each item of damages;

- d. The exact monetary amount of the damage;

- e. Explanation of how you computed each item of damages, including any mathematical formula used;

- f. Identify by whom it was calculated; and

- g. Please identify each document pertaining to each item of damages stated in your response.

Interrogatory Number 13:

Please list each and every employer for whom you have worked since January 1, 1995. Include in your answer:

- a. The position(s) you held with each employer;

-11-

b.    The dates of your employment;

c.    The date you left such employment and the reason for leaving;

d.    The name and address of each employer;

e.    The name of your supervisor at each employer; and

f.    The average weekly or monthly compensation from each employment and your basis for computation, indicating the total amount of any overtime compensation during each calendar year, together with the amounts and basis for receipt of any special bonus.


Interrogatory Number 14:

Please provide the date upon which you married Patricia Shamon and identify all legal documents, such as a marriage license, that proves such marriage.


Interrogatory Number 15:

Please state the basis of your claim in paragraph 24 of the Complaint that the "employees at the West Roxbury VA and Brockton VA acting within the scope of their office or employment, failed to exercise reasonable care in its treatment of Mr. Shamon." As part of your response to this Interrogatory, please identify (i) which employees allegedly failed to exercise reasonable care in

-12-

their treatment of Mr. Shamon, (ii) which procedure(s) did they allegedly fail to exercise with reasonable care,(iii) the dates upon which the employees allegedly failed to exercise reasonable care in its treatment of Mr. Shamon, and (iv) the names and contact information of any witnessed to the alleged failure to exercise reasonable care.

Interrogatory Number 16:

Please state the basis of your claim in paragraph 25 of the Complaint that the conduct of the "employees at the West Roxbury VA and Brockton VA acting within the scope of their office or employment, deviated from and fell below the accepted standards of medical practice as it existed in 2001-2002." As part of your response to this Interrogatory, please identify (i) which employees's conduct deviated from and fell below the accepted standards of medical practice as it existed in 2001-2002, (ii) what conduct deviated from and fell below the accepted standards of medical practice as it existed in 2001-2002, (iii) the dates of this purported conduct, and (iv) the names and contact information of any witnessed to the alleged conduct.

Interrogatory Number 17:

Please state the basis of your claim in paragraph 26 of the Complaint that the conduct of the "employees at the West Roxbury

-13-

VA and Brockton VA acting within the scope of their office or employment, was also grossly negligent." As part of your response to this Interrogatory, please identify (i) which employees's conduct was grossly negligent, (ii) what conduct was grossly negligent, (iii) the dates of this purported conduct, and (iv) the names and contact information of any witnessed to the alleged conduct.

Interrogatory Number 18:

Please state Patricia Shamon's full name, current address, date of birth, and social security number.

Interrogatory Number 19:

State whether you are presently under the care of any medical professional. If the answer to this interrogatory is in the affirmative, state:

      a.   the name and address of each professional;

      b.   the conditions for which care is being rendered; and

      c.   whether such conditions are related to the negligence alleged in your Complaint.

Interrogatory Number 20:

Please state your complete educational background,

-14-

specifying the names and dates of schools attended, degrees or
diplomas received, including trade schools, academic institutions
and other places of learning.

UNITED STATES OF AMERICA

By its Attorneys,

MICHAEL J. SULLIVAN
United States Attorney

Damian W. Wilmot
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

## CERTIFICATE OF SERVICE

I certify that on January 19, 2005, I served a copy of the
above Interrogatories by First Class Mail, postage prepaid, upon
Plaintiff's Attorneys, Timothy O'Neill, Michael Perry, and Hayle
Sugarman, Hanify & King, PC, One Beacon Street, 21st Floor,
Boston, MA 02108.

Damian W. Wilmot
Assistant U.S. Attorney

-15-

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                   )
RONALD SHAMON and PATRICIA SHAMON, )
        Plaintiffs,                )
                                   )
v.                                 )  Docket No. 04cv11674-WGY
                                   )
UNITED STATES OF AMERICA,          )
        Defendant.                 )
_____)
```

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO PLAINTIFF RONALD SHAMON

Pursuant to Fed. R. Civ. P. 34, Defendant, the United States of America (hereinafter referred to as the "Defendant"), requests that the Plaintiff, Ronald Shamon (hereinafter referred to as the "Plaintiff"), produce and permit the Defendant to inspect and copy all documents and things in the Plaintiff's possession, custody or control described below at the Office of the United States Attorney, One Courthouse Way, Suite 9200, Boston, MA 02210, on or before thirty (30) days after service of this request, or at such other place and time as agreed upon by counsel for the parties.

### DEFINITIONS

1.   Complaint: The term "Complaint," except where context does not permit, includes the Complaint filed by the Plaintiff in the United States District Court, District of Massachusetts, in the pending action "*Ronald Shamon and Patricia Shamon, Plaintiffs v. United States of America, Defendant, Docket No. 04cv11674-WGY.*"

2.    <u>Document</u>: The term "document" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefaxes, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments or any of the foregoing), graphic and aural records or representations of any kind (including without limitation photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion picture) and electronic, mechanical or electrical records and representations of any kind (including without limitation tapes, cassettes, discs and recordings).

3.    <u>Person</u>: The term "person" means any natural person, corporation, partnership, proprietorship, association, organization or group of natural persons.

4.    <u>Relate To or Relating To</u>: The terms "relate to" or "relating to" include, without limitation, constituting, defining, concerning, embodying, reflecting, identifying;

-2-

stating, referring to, dealing with, or in any way pertaining to including, items which contradict or are inconsistent with the answer provided by plaintiff.

5. <u>You or Your</u>: The term "you or your" means plaintiff and all other persons acting or purporting to act on behalf of said plaintiff.

6. <u>And and Or</u>: The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to make the interrogatory inclusive rather than exclusive.

7. <u>Each and All</u>: The terms "each" and "all" and the use of singular or plural forms shall be construed in such a manner as to make the interrogatory inclusive rather than exclusive.

## INSTRUCTIONS

1. These requests seek production of those documents in the possession, custody or control of defendant, its agents, representatives and, unless privileged, attorneys.

2. If you do not produce any document because of a claim of privilege, set forth the privilege claimed and the facts upon which you rely to support the claim of privilege.

3. As to each document withheld on a claim of privilege, state: the date of the document, the type of the document (<u>e.g.</u>, letter, contract, memoranda, etc.), the identity of the author or originator, the identity of each person to whom the original or copy was addressed or delivered, a brief description of the

-3-

subject matter thereof, and the identity of each person known or reasonably believed by you to have present possession, custody, or control thereof.

4.    Unless otherwise indicated, these requests refer to the time, place and circumstances of the occurrence(s) referred to in the Complaint in the above-captioned action.

5.    These requests must be supplemented to the extent required by Fed. R. Civ. P. 26(e).  If any document responsive to any request in not presently identifiable or available, please include a statement to that effect and furnish the document when such document is identifiable or available unless otherwise agreed by counsel.

## DOCUMENTS REQUESTED

### Request Number 1:

Any and all medical records, not previously produced, relating to each and every diagnosis and treatment by any medical professional that concern the injuries/negligence you allege in your Complaint.

### Request Number 2:

Copies of any and all correspondence, reports or drafts of reports rendered by experts whom you have consulted and/or retained in connection with this matter.

-4-

**Request Number 3:**

Copies of all documents, not previously produced, that you intend to or may introduce, use or rely on, either at trial or in support of or in defense of a motion for dismissal or summary judgment, to prove your allegations of negligence on the part of the Defendant.

**Request Number 4:**

Copies of each document you have referred to, relied on, described or identified in your response to Defendant's First Set of Interrogatories served herewith.

**Request Number 5:**

Copies of any and all documentation evidencing any financial loss which you claim as a result is a result of the alleged negligence, including but not limited to records of lost wages, medical expenses, and any other alleged loss.

**Request Number 6:**

Copies of any and all statements, oral or transcribed, signed or unsigned, recordings and affidavits prepared by or on behalf of you or any other witness regarding the facts and/or claims alleged in your Complaint.

-5-

Request Number 7:

Copies of any and all documents that evidence any communications you have had with other persons pertaining to the allegations in the Complaint, excluding any documents protected by the attorney-client privilege.

Request Number 8:

Copies of any and all documents that pertain to, relate to, refer to, support, evidence, or refute your claims for damages.

Request Number 9:

Any and all documents that evidence benefits and/or income earned and/or paid to you and, if filing separately, Patricia Shamon, from 1999, through the present, whether received or not, including but not limited to pay stubs, W-2s, 1099s, federal tax returns, unemployment compensation, Social Security benefits, veterans' benefits, workers' compensation, dividend statements, commission statements and any other compensation and/or benefit paid or earned. If some of these requested tax documents are no longer in your possession, please execute the attached IRS Form 8821 and authorize the United States Attorney's Office to inspect and/or receive the tax information you no longer possess.

UNITED STATES OF AMERICA

By its Attorneys,

MICHAEL J. SULLIVAN
United States Attorney

_____
Damian W. Wilmot
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

## CERTIFICATE OF SERVICE

I certify that on January 19, 2005, I served a copy of the above Document Requests by First Class Mail, postage prepaid, upon Timothy O'Neill, Esq., Michael Perry, Esq., Hayle Sugarman, Esq., Hanify & King, PC, One Beacon Street, 21st Floor, Boston, MA 02108, counsel for the plaintiff.

_____
Damian W. Wilmot
Assistant U.S. Attorney

-7-

**EXHIBIT C**



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

October 24, 2005

**VIA REGULAR MAIL & FACSIMILE**
**(617) 305-0664**
Michael Perry
Hanify & King
One Beacon Street, 21st Floor
Boston, MA 02108-3107

      Re:  **Shamon v. United States**
            **USDC-MA, C.A. No. 2001-11674-WGY**

Dear Mike:

    Enclosed please find Dr. Ronald Schouten's written report based on his mental examination of Mr. Shamon, which you requested pursuant to Federal Rule of Civil Procedure 35(b). Dr. Schouten's report sets out his findings, including the results of the tests made (including Dr. David Medoff's psychological test), and his diagnoses and conclusions. I have also included Dr. Medoff's Report of Psychological Testing.

    Pursuant to Rule 35(b), the government now requests that the plaintiff produce to it "a like report of any examination, previously or thereafter made, of the same condition."

    Should you have any questions, please do not hesitate to contact me.

                    Sincerely,

                    MICHAEL J. SULLIVAN
                    United States Attorney

                    DAMIAN W. WILMOT
                    Assistant U.S. Attorney

**EXHIBIT D**

**Wilmot, Damian (USAMA)**

| | |
|---|---|
| **From:** | Wilmot, Damian (USAMA) |
| **Sent:** | Thursday, October 27, 2005 4:19 PM |
| **To:** | 'Michael Perry' |
| **Subject:** | RE: Plaintiff's Portion of Joint Pre-Trial Memorandum |

**Attachments:**     DOCS-#439719-v1-Shamon_Joint_Pretrial_Memorandum (2).DOC



DOCS-#439719-v1-
Shamon_Joint_P...

Mike, see the attached memorandum with my additions/modifications.  My changes are in redline/strikeout.

Also, I am pulling together the data supporting Drs. Shouten's and Medoff's reports and will send that info to you asap.

As I requested in my October 24 letter, could you please send me asap, as required under Rule 35(b), a report of any examination concerning Shamon's mental condition.

Further, your list of exhibits include medical records from Seacost Counseling and medical records from Plymoth Visiting Nurse Assn.  Note that I objected to this documents because I've never seen them.

-Damian

-----Original Message-----
From: Michael Perry [mailto:Mrp@hanify.com]
Sent: Tuesday, October 25, 2005 11:25 AM
To: Wilmot, Damian (USAMA)
Subject: Plaintiff's Portion of Joint Pre-Trial Memorandum

Damian, attached please find Plaintiff's proposed additions to the Joint Pre-Trial Memorandum. I'm sure that we may have some additions/revisions as the document progresses, but I wanted to get something to you sooner rather than later. Please feel free to contact me with any questions that you may have regarding the attached.