UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONALD SHAMON,<br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | Docket No. 04cv11674-WGY |

## DEFENDANT'S MOTION IN LIMINE TO LIMIT
## PLAINTIFF'S USE OF DEPOSITION TRANSCRIPTS

The plaintiff, Ronald Shamon, brings this action against the United States pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq., to recover for personal injuries allegedly incurred as a result of (i) a sigmoidoscopy procedure performed at a Department of Veteran Affairs ("VA") hospital on December 7, 2001, and (ii) Dr. Garry Fitzpatrick's subsequent treatment of the Plaintiff.  Based upon representations by his counsel, the government expects that the Plaintiff will contend under Federal Rules of Civil Procedure 32(a)(2) that he may use the deposition transcripts of the VA employees, Doctors Marcos Pedrosa and Garry Fitzpatrick and Nurse Dolores Kirby, "for any purpose," including submitting the transcripts to the Court as evidence.  The VA employees, however, are available to testify at trial.  Indeed, plaintiff intends to call Doctors Pedrosa and Fitzpatrick during his case-in-chief.  Moreover, the VA employees are not "managing agents" under Rule 32(a)(2).  Accordingly, the United States requests that the Court preclude plaintiff from

using the VA employees' deposition transcripts in the manner prescribed by Rule 32(a)(2) and limit his use of the transcripts to the manner provided under Rule 32(a)(1).[1]

ARGUMENT

The use of depositions in court proceedings are governed by Rule 32 of the Federal Rules of Civil Procedure.  Rule 32(a)(2) states in relevant part:  "the deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a . . . governmental agency which is a party may be used by an adverse party for any purpose."  Fed. R. Civ. P. 32(a)(2).  Due to the varying roles and responsibilities of employees, the Court must evaluate on a

---

[1] Federal Rule of Civil Procedure 32 states in relevant part:  "At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

(1)   Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence.

(2)   The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose."

case-by-case basis whether the employee meets the definition of a managing agent.  See U.S. v. Afram Lines, Ltd., 159 F.R.D. 408, 413 (S.D.N.Y 1994).

To determine if an employee is a "managing agent" for the purposes of Rule 32(a)(2) courts have routinely employed a three prong analysis referred to as the "Rubin test."  Reed Paper Co. v. Proctor & Gamble Distrib. Co., 144 F.R.D. 2, 3 (D. Me. 1992); Rubin v. Gen. Tire & Rubber Co., 18 F.R.D. 51, 56 (S.D.N.Y. 1955).  Pursuant to the Rubin test, first, the person must be invested by the corporation with general powers to exercise judgment and discretion in dealing with corporate matters. Rubin, 18 F.R.D. at 56 (citing Krauss v. Erie R. Co., 16 F.R.D. 126, 127 (S.D.N.Y.1954)); Boston Diagnostics Dev. Corp., Inc. v. Kollsman Mfg. Co., 123 F.R.D. 415, 417 (D. Mass. 1988).  This first prong is of "great significance" in determining whether the person should be permitted to bind corporations by their testimony.  Reed, 144 F.R.D. at 5-6.  Second, the employee must be a person who the employer could depend upon in litigation to give testimony at its demand.  Rubin, 18 F.R.D. at 56. (citing Bernstein v. N.V. Nederlandsche-Amerkaansche Stoomvaart-Maatschappij, 15 F.R.D. 37, 38 (S.D.N.Y 1953)).  Third, the person must be expected to align himself with the interests of the party-corporation rather then those of the adverse party. Rubin, 18 F.R.D. at 56.

The VA employees do not meet the definition of an officer, director, or managing agent under Rule 32(a)(2), therefore the Plaintiff should be precluded from using their deposition transcripts in the manner prescribed under Rule 32(a)(2). In this case the Plaintiff deposed the VA employees as fact witnesses. Further there is no indication that the VA employees have any power exercising discretion and judgement over agency matters. Therefore, the doctors are not managing agents under the Rubin test. See Reed Paper Co., 144 F.R.D. at 5-7 (holding that under Rubin test, employee was not a managing agent because he did not exercise general judgment over corporate matters). Furthermore, the VA employees are available to testify at trial. As stated above, plaintiff intends to call Doctors Pedrosa and Fitzpatrick during his case-in-chief. Therefore, he can use the deposition transcripts for the purpose of contradicting or impeaching their testimony at trial pursuant to Rule 32(a)(1). Accordingly the Court should prohibit the Plaintiff from using the VA employees' deposition transcripts in the manner prescribed by Rule 32(a)(2), and limit his use of the transcripts to the manner provided under Rule 32(a)(1).

## CONCLUSION

For the foregoing reasons the Court should preclude the Plaintiff from using the deposition transcripts of the VA employees, Doctors Marcos Pedrosa and Garry Fitzpatrick and Nurse

Dolores Kirby, "for any purpose" under Rule 32(a)(2), and limit his use of their transcripts to the manner provided under Rule 32(a)(1).

Respectfully Submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney
Moakley Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3398

Date: December 9, 2005

### CERTIFICATION UNDER L.R. 7.1

I certify that in accordance with Local Rule 7.1, I have conferred with Plaintiff's counsel and have attempted in good faith to resolve the issues addressed in this Motion.

 /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney

- 5 -