```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| RONALD SHAMON,           ) | |
|     Plaintiff,         ) | |
|                         ) | |
|     v.                  ) | Docket No. 04cv11674-WGY |
|                         ) | |
| UNITED STATES OF AMERICA, ) | |
|     Defendant.         ) | |
|                         ) | |

**DEFENDANT'S MOTION IN LIMINE**
**TO LIMIT POTENTIAL RECOVERY TO $500,000**

The plaintiff, Ronald Shamon, brings this action against the United States pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq., to recover for personal injuries allegedly incurred as a result of (i) a sigmoidoscopy procedure performed at a Department of Veteran Affairs ("VA") hospital on December 7, 2001, and (ii) Dr. Garry Fitzpatrick's subsequent treatment of the Plaintiff.  Based upon representation by his counsel, the government expects that the Plaintiff will contend that he may recover up to $1,000,000 in damages.  The United States denies this contention, however, and respectfully moves to limit Plaintiff's potential recovery to $500,000, the only sum certain amount that he presented to the VA.

## RELEVANT FACTS

On December 4, 2003, the plaintiff submitted to the VA a "Claim for Damage, Injury or Death," also referred to as a Standard Form 95 ("SF 95"), seeking total damages of $500,000.  See Exhibit A, attached hereto.  On May 17, 2004, Plaintiff's counsel sent the VA a letter clearly attempting to amend

Plaintiff's administrative claim to include, his wife, Patricia Shamon's claim for loss of consortium.  <u>See</u> Exhibit B, attached hereto.  The only sentence in the May 17, 2004 letter containing a sum amount states: "In addition, Ronald and Patricia Shamon amend the amount of their claims to $1,000,000 resulting from the injuries they have suffered."  <u>See</u> <u>id.</u>

According to Mrs. Shamon's own testimony, her loss of consortium claim accrued on December 21, 2001.  <u>See</u> Deposition of Patricia Shamon, pp. 36, 39-49, 53-59, attached hereto as Exhibit C.  Pursuant to 28 U.S.C. § 2401(b), Mrs Shamon had two years from when her claim first accrued to present her administrative claim to the VA.  However, Mrs. Shamon did not present her claim for loss of consortium until May 17, 2004, approximately five months after the two year statute of limitations ran on her claim.  Therefore, Plaintiff's May 17, 2004 letter did not effectively amend his administrative claim to include Mrs. Shamon's loss of consortium claim.  In this Court, Mrs. Shamon withdrew her claim for loss of consortium, with prejudice, on June 10, 2005.  Mr. Shamon now claims that the May 17, 2004 letter, in addition to attempting to add his wife's loss of consortium claim, was intended to increase his own administrative claim from $500,000 to $1,000,000.  For the reasons stated below, however, the Court should limit Mr. Shamon's recovery, if any, to $500,000.

- 2 -

ARGUMENT

A plaintiff asserting a claim under the Federal Tort Claims Act ("FTCA") against the United States must first present the claim to the appropriate Federal agency. To meet this requirement the plaintiff must (i) give the agency written notice of the claim sufficient to enable the agency to investigate and (ii) specify the exact amount of damages sought. See 28 U.S.C. § 2675(a). The amount of damages sought from the federal agency acts as a ceiling on the plaintiff's eventual recovery. See U.S.C. § 2675(b); see also e.g., Reilly v. United States, 863 F.2d 149, 170-171 (1st Cir. 1988). The plaintiff may only recover above the amount of damages sought "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). These intervening facts must be either unexpected or unforeseen. Allgeir v. United States, 909 F.2d 869, 878 (6th Cir. 1990).

Evidencing its importance, with near unanimity courts dismiss FTCA actions where the plaintiff fails to present an administrative claim specifying a sum certain. See 28 C.F.R. § 14.2(a). In fact, failure to state a claim with a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit. Kokotis v.

U.S. Postal Service, 223 F.3d 275, 280 (4th Cir. 2000). Likewise, courts have held that an amendment of a claim is only effective if a complete claim, including a sum certain, is filed within the statute of limitations period. Id. at 280. Courts have held that this sum certain requirement be strictly construed. Val-U Const. Co. of South Dakota, Inc. v. U.S., 905 F. Supp. 728, 737 (D.S.D. 1995); see Lehman v. Nakshian, 453 U.S. 156, 161 (1981).

The public policy behind the sum certain requirement is quite simple: it allows the agency to assess whether there is a realistic opportunity for settling the dispute and it notifies the United States of its potential judgment exposure. See e.g. Allgeir, 909 F.2d at 878; Molinar v. United States, 515 F.2d 246, 249 (5th Cir. 1975). By being aware of the maximum possible exposure to liability the agency will be in the best position to make intelligent settlement decisions. Martinez v. United States, 780 F.2d 525, 530 (5th Cir. 1986). For these reasons, courts have held that when an administrative claim is vague or uncertain, the statutory purpose of § 2675(b) is defeated and the government can not properly evaluate the claim. See e.g. Keene Corp, 700 F.2d at 841-42 (finding claim for the "sum of $1,088,135 and . . . an additional amount yet to be ascertained" does not state a sum certain and, thereby, makes claim invalid); cf. Adams v. United States, 807 F.2d 318, 321 (2d Cir. 1986)

(finding a claim "in excess of $1000" stated a sum certain for $1000 regardless of attached complaint requesting $4,000,000 in damages); Val-U Const. Co. of South Dakota, Inc., 905 F. Supp. 728 (claim for "$698,330.68 together with interest at the statutory rate from and after September 1990, and for damages in the amount of judgments plus interest" constituted a claim for $698,330.68). The claimant has the burden to provide adequate information regarding the potential liability of the defendant. Keene Corp. 700 F.2d at 842.

The plaintiff's May 17, 2004 letter to the VA failed to increase the Plaintiff's administrative claim to $1,000,000. The May 17, 2004 letter clearly attempts to only amend Plaintiff's administrative claim to include his wife's loss of consortium claim, which was untimely. Plaintiff's argument that the May 17, 2004 letter clearly presented a sum certain of $1,000,000 for both Mr. and Mrs. Shamon's claim is specious. See Exhibit D, attached hereto. The May 17, 2004 letter, which speaks for itself, at best states that with the addition of Mrs. Shamon's loss of consortium claim, Mr. and Mrs. Shamon collectively seek $1,000,000 or $500,000 each.

Even if it was the Plaintiff's intention via the May 17, 2004 letter to present two claims for $1,000,000 each, the letter fails to put a reasonable person on notice of this intention. Based on the clear language contained in the Plaintiff's

administrative claim form and the vague language contained in the May 17, 2004 letter, the VA reasonably concluded that the Plaintiff's claim was for $500,000 and processed it as such.  In light of the public policy underlying the sum certain requirement, the VA's reasonable conclusion should be controlling.  Based on the information the Plaintiff provided to the VA, to now allow Plaintiff to recover $1,000,000 for his claim solely would be antithetical to the public policy and case law underlying the sum certain requirement.  Accordingly the Court should limit Plaintiff's potential recovery to $500,000.

## CONCLUSION

For the foregoing reasons the Court should limit Plaintiff's potential recovery to $500,000.

                                    Respectfully Submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                              By:   /s/ Damian W. Wilmot
                                    DAMIAN W. WILMOT
                                    Assistant U.S. Attorney
                                    Moakley Federal Courthouse
                                    One Courthouse Way, Suite 9200
                                    Boston, MA 02210
Date: December 9, 2005              (617) 748-3398

**CERTIFICATION UNDER L.R. 7.1**

    I certify that in accordance with Local Rule 7.1, I have conferred with Plaintiff's counsel and have attempted in good faith to resolve the issues addressed in this Motion.

                                         /s/ Damian W. Wilmot
                                         DAMIAN W. WILMOT
                                         Assistant U.S. Attorney