UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD SHAMON,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | Docket No. 04cv11674-WGY |

**REQUESTS OF THE DEFENDANT UNITED STATES
FOR FINDINGS OF FACTS AND RULINGS**

In accordance with the Court's September 30, 2005 Order, the United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits herewith its Requests for Findings of Facts and Rulings. The defendant reserves the right, and, respectfully, requests leave of the Court, to amend these Requests for Findings of Facts and Rulings based on the testimony provided by the witnesses at trial.

The plaintiff brings this claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, alleging that (i) United States Department of Veterans Affairs ("VA") Doctors Chi Zhang and Marcos Pedorsa failed to conform to the standard of care of the average qualified physician practicing on December 7, 2001, when they performed a sigmoidoscopy examination of the plaintiff on that date; and (ii) that Dr. Garry Fitzpatrick failed to conform to the standard of care of the average qualified physician

practicing in 2001-2002, when he provided care to the plaintiff following the December 7, 2001 sigmoidoscopy examination. The defendant, the United States of America, is entitled to Judgment in its favor because the plaintiff has failed to make out a *prima facie* case of negligence against the defendant as a result of any medical care and treatment rendered to Ronald Shamon by Doctors Zhang and Pedrosa on December 7, 2001, and Dr. Fitzpatrick after December 7, 2001. These Requests for Findings of Facts and Rulings are submitted in addition to and to Supplement any facts already established by the pleadings in this action and not contradicted.

## I.   PROPOSED FINDINGS OF FACT

1. On February 9, 2001, Dr. Simona Retter-Burch, Plaintiff's former primary care physician at the VA, recommended to Plaintiff that he undergo an outpatient flexible sigmoidoscopy examination to screen for colon cancer. See VA0010. Later, the VA scheduled the Plaintiff's examination for December 7, 2001. See VA0020.

2. On October 25, 2001, the VA contacted Plaintiff and informed him that it would send him information about the flexible sigmoidoscopy examination and how he should prepare for it. See VA0020.

3. On October 30, 2001, the VA sent Plaintiff information about the flexible sigmoidoscopy procedure and instructions

      concerning how he must prepare for the procedure. See VA0020-21. The VA also sent Plaintiff two fleet enemas with instructions to take them 1 to 3 hours before the examination on Decemeber 7, 2001. See VA0020.

4. On November 29, 2001, only eight days before the flexible sigmoidoscopy examination, Plaintiff complained to Dr. Retter-Burch about having increased constipation, pain when straining, and hemorrhoid pain. See VA0024. Dr. Retter-Burch examined Plaintiff and discovered palpable internal hemorrhoids. Id. Dr. Retter-Burch placed Plaintiff on a regimen of Psyllium, a stool softener, and hemorrhoidal suppositories. Id. Plaintiff was also suffering night sweats and chills prior to seeing Dr. Retter-Burch on November 29, 2001. See VA0033.

5. On December 7, 2001, Plaintiff presented at the Jamaica Plain VA Medical Center for the sigmoidoscopy examination. See VA0026.

6. Just prior to the sigmoidoscopy examination, Plaintiff felt very apprehensive and nervous.

7. Plaintiff failed to follow the instructions from the VA to use the fleet enemas before the sigmoidoscopy examination, and, therefore, the VA gave him an enema prior the sigmoidoscopy examination on December 7, 2001.

8. Prior to the examination, the VA reviewed the flexible

sigmoidoscopy procedure with Plaintiff and received Plaintiff's verbal and written consent to the procedure. See VA0026-27.

9. Doctors Chi Zhang, who was then a VA Fellow, and Marcos Pedrosa, Chief of Endoscopy at the Jamaica Plain VA, both performed the flexible sigmoidoscopy procedure with the assistance of Nurse Dolores Kirby. See VA0026-27.

10. Both Doctors Zhang and Pedrosa were present for the entire procedure.

11. In 2001, it was VA policy that a medical fellow may perform sigmoidoscopy or colonoscopy examinations only under the supervision of an attending physician.

12. It was Dr. Zhang's practice in 2001 to perform a sigmoidoscopy or colonoscopy examination only when the attending physician was present.

13. Dr. Zhang was qualified to perform sigmoidoscopy and colonoscopy examinations, and specifically the sigmoidoscopy examination of the Plaintiff on December 7, 2001. Prior to December 7, 2001, Dr. Zhang had received sufficient training on how to perform sigmoidoscopy and colonoscopy examinations, and performed approximately 15 sigmoidoscopy examinations and 137 colonoscopy examinations.

14. A physician must use essentially the same skill and equipment (i.e., an endoscope) to perform sigmoidoscopy and

colonoscopy examinations.

15. During the examination, Plaintiff was positioned on his side, facing a wall in the examination room and away from Doctors Pedrosa and Zhang and Nurse Kirby, such that he could not see them.

16. When Dr. Zhang inserted the endoscope into Plaintiff, Plaintiff expressed some discomfort, which is not an uncommon complaint.

17. At Dr. Pedrosa's instruction, Dr. Zhang withdrew the endoscope to clean fecal matter from the endoscope's lens, which is not an uncommon occurence.

18. For educational purposes, Dr. Pedrosa showed Dr. Zhang how the clean the endoscope's lens outside of the patient.

19. Dr. Pedosa, after showing Dr. Zhang how to clean the endoscope's lens, reinserted the endoscope into Plaintiff. He then gave control of the endoscope back to Dr. Zhang, who completed the examination.

20. There were no complications associated with Plaintiff's sigmoidoscopy examination on December 7, 2001.  See VA0026, VA0028.

21. Immediately after the sigmoidoscopy examination, Plaintiff had a large bowel movement in the bathroom of the examination room, and again at a rest stop on his way home.

22. Plaintiff failed to mitigate his pain and suffering between

December 7, 2001, and December 11, 2001.

23. On December 11, 2001, Plaintiff appeared at the Brockton VA Medical Center, complaining of rectal pain, urine problems and constipation since the sigmiodoscopy procedure; however, the Plaintiff had rectal pain, constipation, chills and night sweats before the procedure.  See VA0024, VA0033.

24. On December 12, 2001, a VA doctor discovered perirectal abscesses in Plaintiff's colon and performed a surgery to drain them.  From that time until May 16, 2002, the VA provided Plaintiff with adequate treatment for his abscesses, including several surgeries to drain the abscesses and a fistulotomy.

25. Plaintiff's total out-of-pocket expenses for the relevant time period was $2039.00.

26. On December 4, 2003, Plaintiff submitted a Standard Form 95 to the VA, claiming negligence.  Plaintiff claimed total damages of $500,000.

27. On May 17, 2004, Plaintiff's counsel sent the VA a letter attempting to amend Plaintiff's administrative claim to include his wife's claim for loss of consortium.  That letter also states:  "In addition, Ronald and Patricia Shamon amend the amount of their claims to $1,000,000 resulting from the injuries they have suffered."

28. The VA denied Plaintiff's claim on June 30, 2004.

29. On August 4, 2004, Ronald and Patricia Shamon filed the instant action with the United States District Court of Massachusetts, claiming negligence and loss of consortium claims against the United States under the FTCA.

30. On June 10, 2005, Patricia Shamon withdrew her loss of consortium claim with prejudice.

31. There are no clinical findings that Plaintiff had a perforation in his is colon.  Indeed, several VA doctors, including Doctors Fitzpatrick and Taylor looked for a perforation in Plaintiff's colon and found none.  <u>See</u> VA0257, VA0414.

32. While rare, a perforation of the colon is a known complication of a sigmoidoscopy examination and can occur in the absence of negligence.

33. While Plaintiff has scar tissue on his anus and some permanent weakness of his anal sphincter, his sphincter muscles's current strength and control is sufficient for normal function and is unlikely to deteriorate significantly.  Plaintiff also is content of feces but not flatus, which is within normal limits.  Further, while Plaintiff complains of constant pain, which might derive from nerve and muscle injury due to the abscesses and surgery, he has a skin rash that might be causing some of the pain and effective treatment for the rash can decrease

the pain significantly.

34. Plaintiff failed to mitigate his emotional distress damages.

35. Other than Plaintiff's own testimony, there is no indication in the medical records that Dr. Zhang's performance of the sigmoidoscopy examination fell below the standard of care.

36. There is no indication in the medical records that Dr. Fitzpatrick's care of Plaintiff fell below the standard of care.

### III. CONCLUSION

The standard of care must be established by specific evidence; it cannot rest upon conjecture or inference. The Court finds for the defendant United States because the plaintiff has failed to prove to a reasonable degree of medical certainty that:

1. VA Doctors Chi Zhang and Marcos Pedorsa failed to conform to the standard of care of the average qualified physician practicing on December 7, 2001, when they performed the sigmoidoscopy examination of the plaintiff on that date;

2. Dr. Garry Fitzpatrick failed to conform to the standard of care of the average qualified physician practicing in 2001-2002, when he provided care to the plaintiff following the December 7, 2001 sigmoidoscopy examination; and

3. That Plaintiff suffered a perforation during the

      December 7, 2001 sigmoidoscopy examination, which is the proximate cause of the abscesses later discovered in Plaintiff's colon.

The defendant United States is, therefore, entitled to judgment in its favor.

Wherefore, for all the foregoing reasons, the defendant, United States of America requests the Court to enter judgment as a matter of law for the defendant.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:   /s/ Damian W. Wilmot
                              DAMIAN W. WILMOT
                              ANTON P. GIEDT
                              Assistant U.S. Attorneys
                              Moakley Federal Courthouse
                              One Courthouse Way, Suite 9200
                              Boston, MA 02210
Date: December 12, 2005     (617)748-3398